UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § § § § § § § § § | No. 4:24-cr-224 |
| v. | |
| **ENRIQUE ROBERTO "HENRY" CUELLAR and IMELDA RIOS CUELLAR,** | |
| Defendants. | |

**GOVERNMENT'S MOTION FOR PRETRIAL CONFERENCE PURSUANT TO
18 U.S.C. APP. 3 § 2 & MEMORANDUM OF LAW ON
<u>THE CLASSIFIED INFORMATION PROCEDURES ACT</u>**

The United States of America respectfully requests a pretrial conference on or before May 22, 2024, pursuant to the Classified Information Procedures Act (CIPA), 18 U.S.C. app. 3 § 2, and respectfully submits this memorandum of law to apprise the Court of CIPA's applicability to matters relating to classified information that may arise in connection with this case. As in all cases that could implicate classified information, the government provides the Court with a detailed overview of the procedures mandated by the CIPA statute for protecting such information.

**I.     Background**

A grand jury returned an indictment on April 30, 2024, charging Enrique "Henry" Cuellar and Imelda Cuellar with conspiracy, bribery, honest services wire fraud, being a public official acting as an agent of a foreign principal, money laundering conspiracy, and money laundering. ECF No. 1. Their initial appearance was on May 3, 2024. Minute Entry, May 3, 2024. Trial is currently set for July 8, 2024. Scheduling Order, May 3, 2024, ECF No. 15.

1

II.     **CIPA Procedures**

CIPA governs the discovery, admissibility, and use of classified information in federal criminal cases. The leading Fifth Circuit case addressing CIPA is *United States v. El-Mezain*, 664 F.3d 467, 519–25 (5th Cir. 2011), which adopted the standards articulated in the D.C. Circuit's seminal decision in *United States v. Yunis*, 867 F.2d 617, 623–24 (D.C. Cir. 1989). As *El-Mezain* explained, "[n]o one seriously disputes that the Government possesses an important privilege to withhold classified information, nor do we believe that a contrary assertion could be sustained." 664 F.3d at 522. The Supreme Court has also long acknowledged the "compelling interest in protecting … the secrecy of information important to our national security." *E.g.*, *CIA v. Sims*, 471 U.S. 159, 175 (1985). Federal courts have thus recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant." *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973).

CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (quoting *United States v. Wilson*, 571 F. Supp. 1422, 1426 (S.D.N.Y. 1983)). By its terms, CIPA shows "Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial" while safeguarding the defendant's right to present evidence in his or her defense. *United States v. Apperson*, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006) (quoting *United States v. O'Hara*, 301 F.3d 563, 568 (7th Cir. 2002)).

CIPA is procedural and neither creates nor limits a defendant's right to discovery; instead, it clarifies the district court's existing power to restrict or deny discovery. *El-Mezain*, 664 F.3d at

519–20. It was not "intended to expand the traditional rules of criminal discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." *United States v. Varca*, 896 F.2d 900, 905 (5th Cir. 1990). The statute creates no new rule of evidence regarding admissibility, but instead mandates procedures to accommodate the government's privilege over classified information in criminal cases. *See Yunis*, 867 F.2d at 623; *United States v. Mejia*, 448 F.3d 436, 455 (D.C. Cir. 2006); *United States v. Johnson*, 139 F.3d 1359, 1365 (11th Cir. 1998); *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363–64 (11th Cir. 1994).

CIPA applies equally to classified documents and classified testimony. *See United States v. North*, 708 F. Supp. 399, 399–400 (D.D.C. 1988); *United States v. Lee*, 90 F. Supp. 2d 1324, 1325 n.1 (D.N.M. 2000). Under CIPA, "classified information" includes any information or material that the federal government has determined pursuant to law or regulation to require protection against unauthorized disclosure for reasons of national security. 18 U.S.C. app. 3 § 1(a). "National security" means the national defense and foreign relations of the United States. *Id.* § 1(b).

### A.   Pretrial Conference (CIPA § 2)

CIPA § 2 provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. app. 3 § 2. After such a motion, the district court "shall promptly hold a pretrial conference" to set a schedule for: (1) requests for discovery by the defense; (2) the defendant's notice of his or her intent to disclose classified information at trial or another proceeding under CIPA § 5; and (3) a hearing concerning the use, relevance, and admissibility of such classified information under CIPA § 6. *Id.*

The district court can also consider any other matters concerning classified information or that may promote a fair and expeditious trial. *Id.* No substantive issues concerning the use of classified information are to be decided in a § 2 pretrial conference. *See* S. Rep. No. 96-823, at 5–6 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4298–99.

To foster open discussions at the pretrial conference, § 2 provides that no admission made by the defendant or his or her attorney at the pretrial conference can be used against the defendant unless the admission is in writing and signed by both the defendant and his or her attorney. 18 U.S.C. app. 3 § 2.

### B. Protective Orders (CIPA § 3)

CIPA § 3 requires the district court issue a protective order upon motion by the government to protect against the further disclosure of any classified information the government discloses to a defendant. Section 3 was intended "to codify the well established practice, based on the inherent authority of federal courts, to issue protective orders," *Pappas*, 94 F.3d at 801 (quoting H.R. Rep. No. 96-831, at 26 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294), as well as to supplement the district court's authority under Federal Rule of Criminal Procedure 16(d)(1) of to issue protective orders regulating discovery. In contrast to Rule 16(d)(1)'s discretionary authority, § 3 "makes it clear that protective orders are to be issued, if requested, whenever the government discloses classified information to a defendant in connection with a prosecution, e.g., Brady and Jencks material." *Pappas*, 94 F.3d at 801 (quoting H.R. Rep. No. 96-831, at 26).

### C. Protection of Classified Information During Discovery (CIPA § 4)

Both CIPA § 4 and Rule 16(d)(1) expressly authorize the government to submit ex parte motions seeking in camera review of potentially discoverable classified information in a federal criminal case. Section 4 provides:

> The court may permit the United States to make a request for [relief from discovery obligations] in the form of a written statement to be inspected by the court alone. If the court enters an order granting relief following such an ex parte showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

18 U.S.C. app. 3 § 4. Section 4 requires no particular showing before the district court may grant a request to proceed ex parte and in camera. *See United States v. Sarkissian*, 841 F.2d 959, 965–66 (9th Cir. 1998). Similarly, Rule 16(d)(1) provides: "The court may permit a party to show good cause [for relief from discovery] by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal." Fed. R. Crim. P. 16(d)(1). Courts have consistently upheld the propriety of ex parte, in camera motions by the government to limit discovery under § 4 and Rule 16(d)(1).[1] *E.g., United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998); *Sarkissian*, 841 F.2d at 965–66; *Mejia*, 448 F.3d at 457–59; *United States v. Jolliff*, 548 F. Supp. 229, 231–32 (D. Md. 1981); *United States v. Pelton*, 578 F.2d 701, 707 (8th Cir. 1978).

Section 4 and Rule 16(d)(1) also authorize district courts to deny or limit discovery of classified information by the defense. Section 4 provides that a district court,

> upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.

---

[1] The district court's consideration of ex parte § 4 submissions may also include ex parte, in camera hearings to assist the court in "decid[ing] the relevancy of the [classified] information" and answer any "questions about the confidential nature of the information." *Klimavicius-Viloria*, 144 F.3d at 1261.

18 U.S.C. app. 3 § 4. Rule 16(d)(1) similarly allows a district court to, "for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).

In determining whether to authorize the government to withhold classified information from discovery under § 4, federal courts, including the Fifth Circuit, have applied the balancing test set forth in *Roviaro v. United States*, 353 U.S. 53 (1957). *See El-Mezain*, 664 F.3d at 520–21. In *Roviaro*, the Supreme Court considered the application of the informant's privilege — which allows the government to withhold from disclosure the identity of its informants — to the general discovery rules. 353 U.S. at 55. The Court held that a defendant's interest in mounting a defense is triggered only when the information in the government's possession is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* at 60–61. When information is relevant and helpful, courts must then "balance[] the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62.

The D.C. Circuit extended *Roviaro* to CIPA § 4, holding that classified information can be withheld from the defense in discovery unless it is both relevant and "helpful to the defense of [the] accused." *Yunis*, 867 F.2d at 623 (quoting *Rovario*, 353 U.S. at 60–61) (brackets in original). However, just because classified information is relevant and helpful to the defense does not automatically make it discoverable. *See Roviaro*, 353 U.S. at 62; *El-Mezain*, 664 F.3d at 523. The district court must instead determine whether, on balance, overriding national security concerns outweigh the defendant's need for the information. *El-Mezain*, 664 F.3d at 523; *Sarkissian*, 841 F.2d at 965.

### D. Classified Information Possessed by Defendant with Notice of Defendant's Intent to Disclose and Pretrial Evidentiary Rulings (CIPA §§ 5 & 6)

CIPA §§ 5 and 6 apply when a criminal defendant possesses classified information and seeks to disclose it at a trial or proceeding. *See, e.g.*, *Baptista-Rodriguez*, 17 F.3d at 1363; *United States v. Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983). These sections impose three critical pretrial steps concerning classified information in the defendant's possession. First, the defendant must specify in detail the precise classified information he or she reasonably expects to disclose at trial. Second, on the government's motion, the district court must hold a hearing to determine the use, relevance, and admissibility of the proposed evidence. Third, after the hearing and formal findings of admissibility by the court, the government has an opportunity move to substitute an admission of relevant facts or summaries for any classified information that the court has ruled admissible.

#### 1. *The requirement to provide notice of intent to disclose*

CIPA § 5(a) requires a defendant who intends to disclose (or cause the disclosure of) classified information to provide timely pretrial written notice of his or her intention to the court and the government. The notice must "include a brief description of the classified information," 18 U.S.C. app. 3 § 5(a), and "must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense," *Collins*, 720 F.2d at 1199. "A general statement of the areas the evidence will cover is insufficient." *United States v. Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985) (en banc).

If a defendant fails to provide a sufficiently detailed notice by the date specified by the court, § 5(b) authorizes the court to preclude disclosure of the classified information. 18 U.S.C. app. 3 § 5(b); *see also Smith*, 780 F.2d at 1105; *United States v. Badia*, 827 F.2d 1458, 1464–66 (11th Cir. 1987); *United States v. Hashmi*, 621 F. Supp. 2d 76, 81 (S.D.N.Y. 2008). Similarly, if

7

a defendant attempts to disclose at trial classified information not described in his or her § 5(a) notice, preclusion is the appropriate remedy under § 5(b). *See Smith*, 780 F.2d at 1105.

A defendant must provide this notice "within the time specified by the court, or where no time is specified, within thirty days prior to trial." 18 U.S.C. app. 3 § 5(a). CIPA § 5 explicitly prohibits a defendant from disclosing any classified information in a trial or pretrial proceeding until such notice has been given, the government has had the opportunity to seek a determination of the use, relevance, and admissibility of the information pursuant to § 6, and any appeal by the government under § 7 has been decided or the time to appeal has expired. *Id.*

### 2. *The pretrial hearing on disclosure*

CIPA § 6(a) requires that, on a timely motion by the government, the district court must hold a pretrial hearing "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial." 18 U.S.C. app. 3 § 6(a). If a § 6(a) motion is filed before trial, "the court shall rule [on the use, relevance, or admissibility of the classified information at issue] prior to the commencement of the relevant proceeding." *Id.*

Section 6(b) requires that before any § 6(a) hearing, the government must notify the defendant of the hearing and identify the classified information at issue. If the information has not previously been made available to the defendant, the government may, with the court's approval, give the defendant a generic description of the information. Thus, for example, as Congress recognized in enacting CIPA, "the Government would not have to disclose the identity of an undercover intelligence agent not previously disclosed to the defendant; instead, the Government would describe the information as 'the identity of an undercover intelligence agent' if this meets with court approval." S. Rep. No. 96-823, at 6.

8

At the § 6(a) hearing, the district court hears the defense proffer and the arguments of counsel, then rules whether the classified information identified by the defense is relevant under Federal Rule of Evidence 401.[2] *See Smith*, 780 F.2d at 1106. The court must also determine whether the classified information is cumulative, prejudicial, confusing, or misleading, so that even if relevant, it should be excluded under Federal Rule of Evidence 403. *Wilson*, 750 F.2d at 9. At the conclusion of the § 6(a) hearing, the court must set forth in writing the reasons for its determination as to each item of classified information. 18 U.S.C. app. 3 § 6(a).

### 3. *Substitution in Lieu of Disclosure*

If the district court rules that one or more items of classified information is admissible, CIPA § 6(c) allows the government to propose a "substitution" for the information instead of its disclosure. 18 U.S.C. app. 3 § 6(c). The government can move for permission to give the defense either a substitute statement admitting relevant facts that the classified information would tend to prove or a summary of the classified information. *Id.*; *see also Smith*, 780 F.2d at 1105. The court must grant the motion "if it finds that the statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." 18 U.S.C. app. 3 § 6(c)(1).

If, after an in camera hearing, the court determines that the classified information may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal. *Id.* § 6(d).

---

[2] CIPA does not change the "generally applicable evidentiary rules of admissibility." *United States v. Wilson,* 750 F.2d 7, 9; *accord Yunis*, 867 F.2d at 623. Instead, CIPA merely alters the timing of rulings concerning admissibility, requiring them to be made before trial. *United States v. Poindexter*, 698 F. Supp. 316, 318 (D.D.C. 1988).

If the court determines that the specific classified information at issue is relevant and admissible and denies the government's motion for substitution, § 6(e)(1) permits the government to object to disclosure of the classified information. If the government objects, the court must "order that the defendant not disclose or cause the disclosure of such information." *Id.* § 6(e)(1). Section 6(e)(2) then sets forth a sliding scale of remedies the court may impose. An order imposing a sanction cannot take effect until the government has had the opportunity to appeal the order under § 7 and then to withdraw its objection to the disclosure of the information. *Id.* § 6(e)(2).

If the court rules classified information admissible at a § 6(a) hearing, the court must, "unless the interests of fairness do not so require," require the government to provide the defendant with the information it expects to use to rebut the classified information. 18 U.S.C. app. 3 § 6(f). The court may also impose on the government a continuing duty to disclose rebuttal information. *Id.* If the government fails to comply, the court can exclude the rebuttal evidence and prohibit the government from examining any witness with respect to the information. *Id.*

E. **Other Relevant CIPA Procedures**

1. *Interlocutory Appeal (CIPA § 7)*

CIPA § 7 allows the government to take an interlocutory expedited appeal if the district court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to use a protective order sought by the government to prevent the disclosure of classified information. 18 U.S.C. app. 3 § 7. Under § 7, if an appeal is taken, trial cannot begin, or must be adjourned if already begun, until the appeal is resolved. *Id.* § 7(b). Such an appeal does not affect the defendant's right to subsequently appeal an adverse ruling by the district court after conviction. *Id.*

10

### 2.  *Procedures Governing the Introduction of Classified Information at Trial (CIPA § 8)*

CIPA § 8 prescribes additional protections and procedures governing the introduction of classified information into evidence. Section 8(a) provides that classified documents can be admitted into evidence without changing their classification status. This provision allows the classifying agency to decide after trial whether information has been so compromised that it can no longer be regarded as classified. *See* S. Rep. No. 96-823, at 10.

To prevent the "unnecessary disclosure" of classified information, § 8(b) allows the district court to admit into evidence only a part of a document. Alternatively, the court can admit the entire document with all or part of the classified information redacted, unless fairness requires consideration of the whole document.

Section 8(c) provides a procedure to govern the problem presented when the defendant's counsel asks a question that would require the witness to disclose classified information. *See* S. Rep. No. 96-823, at 11. Section 8(c) allows the government to object to any question or line of inquiry that might require the witness to disclose classified information not previously held to be admissible, after which the court "shall take suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information." 18 U.S.C. app. 3 § 8(c). This procedure supplements the § 5 notice provision and the § 6(a) hearing provision to address situations that cannot be effectively handled by those sections, like when defense counsel does not realize that the answer to a question will reveal classified information. S. Rep. No. 96-823 at 11.

### 3.  *Security Procedures (CIPA § 9)*

CIPA § 9 requires the Chief Justice of the United States, in consultation with executive branch officials, to establish procedures to protect classified information in the custody of federal

11

courts from unauthorized disclosure. 18 U.S.C. app. 3 § 9(a). Pursuant to the Revised Security Procedures established by the Chief Justice under this provision, the government is simultaneously moving for the appointment of a Classified Information Security Officer (CISO) to assist the Court in adjudicating the classified information at issue in this case.

### 4. *Coordination Requirement (CIPA § 9A)*

CIPA § 9A requires the Justice Department to provide timely briefings on a prosecution involving classified information to the agency where the classified information originated. 18 U.S.C. app. 3 § 9A(a).

### 5. *Identification of Information Related to National Defense (CIPA § 10)*

CIPA § 10 applies in espionage or other prosecutions where the government must prove as an element of the crime that certain information relates to the national defense or is classified. *See* S. Rep. 96-823 at 11–12. In these circumstances, § 10 requires the government to notify the defendant which portions of the information it reasonably expects to rely upon to prove this element. 18 U.S.C. app. 3 § 10.

### 6. *Miscellaneous Provisions (CIPA §§ 11–15)*

The remaining sections of CIPA contain various housekeeping provisions. Section 11 provides for amendments to CIPA §§ 1–10. Section 12 requires the Justice Department to issue guidelines regarding the exercise of prosecutorial discretion in cases where classified information could be revealed and to prepare written findings when declining prosecution of such cases. Section 13 requires the Justice Department to periodically report its declination decisions to Congress and, when necessary, to report on CIPA's operation and effectiveness. Section 14 addresses the delegability of the functions and duties under CIPA. Section 15 establishes CIPA's effective date.

### III.    Application to This Case

Notwithstanding the full overview of CIPA above, the government notes that some or many of these CIPA procedures may not be invoked or need to be addressed in this case. However, given the charges in this case, some motions practice under CIPA might be necessary. The government thus respectfully requests a CIPA § 2 pretrial conference on or before May 22, 2024, to establish a schedule for any motions practice under CIPA.

Dated: May 8, 2024                                                 Respectfully submitted,

COREY R. AMUNDSON                          JENNIFER KENNEDY GELLIE
Chief, Public Integrity Section                      Executive Deputy Chief
Criminal Division                                              performing the duties of Chief
U.S. Department of Justice                          Counterintelligence and Export Control Section
                                                                           National Security Division
By: /s/ Marco A. Palmieri                            U.S. Department of Justice
Marco A. Palmieri
Rosaleen O'Gara                                          By: /s/ Garrett Coyle
Celia Choy                                                    Garrett Coyle
Attorneys for the United States                   Attorney for the United States

13

## CERTIFICATE OF SERVICE

  I certify that I filed this motion via the CM/ECF system on May 8, 2024, which caused the motion to be electronically served on all counsel of record.

            */s/ Garrett Coyle*
            Garrett Coyle