# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Criminal No. 4:24-cr-224** |
| v. : | |
| : | |
| **ENRIQUE ROBERTO "HENRY"** : | |
| **CUELLAR,** : | |
| : | |
| and : | |
| : | |
| **IMELDA RIOS CUELLAR,** : | |
| : | |
| : | |
| **Defendants.** : | |

## MOTION FOR PROTECTIVE ORDER

The United States of America, through its undersigned attorneys, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 16(d)(1), to enter the attached proposed protective order governing discovery in this case. The government has consulted with defense counsel for both defendants and understands that counsel for both Henry Cuellar and Imelda Cuellar oppose portions of this order, as described herein.

The United States plans to produce or otherwise make available to the defense discoverable material containing confidential and sensitive information relating to the United States' ongoing investigation. If this information were to be publicly disclosed, such disclosure might impede that investigation, substantially impair the privacy of third-party witnesses, and jeopardize the defendants' right to a fair trial. *See, e.g.*, *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993) ("The proper functioning of the grand jury system depends upon the secrecy of grand jury proceedings."). Entry of a protective order governing discovery is appropriate to ensure that materials provided in discovery are used only for purposes of litigating this case and not for any

other reason, such as releasing sensitive witness statements or law enforcement materials to the media in an effort to influence the potential jury pool.

Moreover, some of the material to be disclosed by the United States will contain sensitive information regarding witnesses, such as personal identifiers, addresses, and telephone numbers. The United States also anticipates that it will provide to the defense a significant volume[1] of financial records, emails, text messages, and tax records, including information concerning third parties. This Court has the discretion to issue a protective order to prohibit unwarranted disclosure of such materials. *See Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect."); *United States v. Morales*, 807 F.3d 717, 722-24 (5th Cir. 2015) (affirming denial of defendant's motion to modify a protective order governing discovery).

Accordingly, the United States requests: (1) that a protective order be entered as to all discovery materials provided in this case; (2) that such materials be handled pursuant to the procedures outlined in the proposed order submitted contemporaneously with this motion; and (3) that those materials be disclosed or disseminated only in accordance with the proposed order, unless and until that order is modified by the Court.

Counsel for the United States has consulted with counsel for the defendants and attempted to resolve any disagreements surrounding the proposed protective order. To that end, it is undersigned counsel's understanding that the defendants agree to the imposition of a protective

---

[1] Indeed, the government estimates that its initial production to the defense will include over 2.5 million individual pages of records.

order, and that the defendants and the United States mostly agree on the language included in the proposed protective order. However, counsel for Henry Cuellar requested—and counsel for Imelda Cuellar joined—modifications to two paragraphs. Specifically, counsel for Henry Cuellar requested the following revisions to the attached proposed protective order:

> **Paragraph 2**:  Before first disclosing discovery material or ~~its contents~~ written summaries of discovery material to any of the individuals or entities listed above, the defendants or their attorneys of record must give to the individual or entity a copy of this Order and maintain a copy signed and dated by the individual or a representative of the entity until such time as all appeals in this matter (if any) are concluded.
>
> **Paragraph 7**: This Order also applies to any and all individuals to whom the defendants, pursuant to this Order, show ~~or disclose the contents or substance~~ of any material produced to them by the United States.   By signing and dating a copy of this Order, any person or entity that receives copies of any material produced~~, or to whom the contents of such material is otherwise disclosed,~~ submits himself, herself, or itself to the jurisdiction of this Court for all purposes, including sanctions or contempt for violation of this Order.

Counsel for Henry Cuellar asserted in discussions with the United States that the language they seek to revise above may give rise to unwarranted allegations that the defense violated the protective order should they "discuss[] the facts of the case, those facts are also included in the voluminous discovery and therefore [they] discussed the 'content' of the discovery."   They further assert that it would be unnecessarily burdensome to require all potential individuals with whom the defense discusses the contents of the provided discovery to receive and sign a copy of the Court's protective order.

As an initial matter, the protective order does not restrict the defense from discussing publicly disclosed facts of the case, including those alleged in the indictment.  However, the government respectfully submits that, considering the non-public, sensitive nature of some of the content of the discovery that will be covered by the protective order, including, *inter alia*, social


security numbers, financial records, email accounts, personal phone numbers, text messages, and other personal identifying information, such safeguards are necessary to protect the privacy interests of third parties, as well as the integrity of the ongoing investigation and the defendants' right to a fair trial. The proposed protective order balances the government's interest in protecting the privacy of third parties and the confidentiality of law enforcement techniques and policies with the defendant's ability to use the discovery materials as necessary for the litigation of this case. The need to safeguard the *content* of that sensitive information in the discovery is the same whether that information is discussed or relayed to a witness or third party orally, shown to them in writing or visual form, or disclosed in some other manner, such as a summary of the evidence.

Moreover, the government respectfully submits it is not unduly burdensome to require any potential witness, consultant, or investigator with whom the content of the provided discovery is shared to be provided, and sign, a copy of the Court's protective order. *See United States v. Stephen E. Stockman*, Docket No. 4:17-cr-116-2, ECF No. 32 (S.D.T.X. Apr. 3, 2017) (Protective Order) (including the following language: "[b]efore first disclosing discovery material or its contents to any of the individuals or entities listed above, the defendant or his attorneys of record must give to the individual or entity a copy of this Order and maintain a copy signed and dated by the individual or a representative of the entity until such time as all appeals in this matter (if any) are concluded"). In addition to placing no restrictions on defense counsel's use of the material in this judicial proceeding beyond those imposed by Fed.R.Crim.P. 49.1, the proposed order would allow the defense to show and discuss the discovery materials with witnesses, investigators, and consultants, among others, with the only requirement for doing so being that they provide a copy of the protective order to the person given access to those materials and requiring that individual

to sign a copy of the Order. The disclosure of the discovery materials to those individuals for case-related purposes will presumably be done only in preparation for litigation or judicial proceedings in this case, and thus providing a copy of the protective order in the context of those conversations would impose a *de minimis* additional burden.

For the forgoing reasons, the United States respectfully requests this Court enter into force the enclosed proposed protective order governing discovery in this case.

Dated: May 14, 2024

Respectfully submitted,

| | |
|---|---|
| COREY R. AMUNDSON<br>Chief, Public Integrity Section<br>Criminal Division<br>US Department of Justice | JENNIFER KENNEDY GELLIE<br>Executive Deputy Chief<br>  performing the duties of Chief<br>Counterintelligence and Export Control Section<br>National Security Division<br>U.S. Department of Justice |
| By: /s/ *Marco Palmieri*<br>Marco A. Palmieri<br>Rosaleen O'Gara<br>Celia Choy<br>Attorneys for the United States | By: /s/ *Garrett Coyle*<br>Garrett Coyle<br>Attorney for the United States |

**CERTIFICATE OF SERVICE**

I certify that on May 14, 2024, I filed the foregoing document with the Clerk of Court using the CM/ECF system under seal, and will cause a true and accurate copy to be sent to counsel of record for the defendants.

/s/ *Marco A. Palmieri*
Marco A. Palmieri
Acting Deputy Chief
United States Department of Justice
Criminal Division   | Public Integrity Section
1301 New York Ave., NW, 10th Floor
Washington, DC 20530
(202) 514-1412

**CERTIFICATE OF CONFERENCE**

Counsel for defendants Henry Cuellar and Imelda Cuellar were contacted on May 13, 2024, to obtain counsel's position on the government's motion. Counsel for Henry Cuellar stated that they opposed the motion as described herein. Counsel for Imelda Cuellar stated they join counsel for Henry Cuellar's position on the government's motion, as described herein.

/s/ *Marco A. Palmieri*
Marco A. Palmieri