UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CAUSE NO. 4:24-CR-0224-01 |
| VS. | § | (THE HON. LEE H. ROSENTHAL) |
| | § | |
| ENRIQUE ROBERTO CUELLAR | § | |

## OPPOSED MOTION FOR ORDER COMPELLING GOVERNMENT TO ALLOW COUNSELS' APPLICATION FOR SECURITY CLEARANCE

Counsel for Congressman Enrique "Henry" Cuellar seek an Order instructing the government to allow counsel to initiate the application process for obtaining security clearance under the Classified Information Procedures Act (CIPA). Without clearance, Counsel cannot begin to avail themselves of the procedures under CIPA for discovery, admission, and use of classified information as contemplated by the government's own requested CIPA scheduling order. Without clearance, counsel can neither review classified information from the government nor discuss potentially relevant classified information possessed by Congressman Cuellar in furtherance of his rights under the Fifth and Sixth Amendments.

The government is opposed to even the initiation of the clearance application process. Congressman Cuellar's Fifth and Sixth Amendment rights

1

to an adequate defense are fundamental, and his attorneys' need to initiate the clearance process is elementary.

On May 8, 2024, the government filed a Motion for Pretrial Conference Pursuant to 18 U.S.C. App. 3 § 2 and Memorandum of Law on the Classified Information Procedures Act. (Dkt. 31).  On the same date, the government filed an Application to Designate a Classified Information Security Officer (CISO) under CIPA. (Dkt. 32).  Both motions were based on the government's assertion that procedures under CIPA regarding the discovery, use, and admissibility of classified information may be necessary given the nature of the charges.

In its motion seeking designation of the CISO, the government cited Section 2 of the Revised Security Procedures under CIPA 9(a):  "In any proceeding in a criminal case…in which classified information is within, or is reasonably expected to be within, the custody of the court, the court will designate a "classified information security officer.""  The Court granted both motions and designated Mr. Winfield S. "Scooter" Slade as the CISO.

At the Pretrial Conference on May 16, 2024, the government stated that it possessed classified information, but it did not anticipate disclosing that information to the defense.  The government through its attorney Mr. Garrett Coyle also acknowledged the likelihood that Mr. Cuellar possessed classified information by virtue of his office:

> *The Court:   So it's only the government that has the classified information. Is that correct?*
>
> *Mr. Coyle:   As far as we understand. We do understand that Congressman Cuellar, by virtue of his position, could conceivably have access to classified information. So one of the deadlines that we would be asking Your Honor to set at some point is a deadline under CIPA, Section 5, by which the defense must provide the Court and the government with notice of its intent to use or introduce any classified information.*

Pretrial Conference Transcript (May 16, 2024) 27:16-21.

Mr. Coyle stated earlier in the hearing:  "Your Honor, we don't, at this point, anticipate disclosing any classified material as such to the defense." (25:16-18.)

Moreover, the government stated in the same hearing that one of the purposes of its CIPA Motion was to set deadlines by which the defense must provide the Court and the government with notice of its intent to use or introduce any classified information at trial. (27:22-25, 28:1-2.)  Implicit in that request is an acknowledgement that the government expects the defense to potentially have access to such information.  And in its Motion for Pretrial Conference on the CIPA issue, the government describes the procedures for treatment of classified information and the requirements under CIPA §§ 5 and 6 for handling and disclosing classified information possessed by a defendant.  As the government notes on Page 7 of its Motion for the CIPA Pretrial Conference:

*"First, the defendant must specify in detail the precise classified information he or she reasonably expects to disclose at trial."* [Emphasis added.]

At the risk of stating the obvious, it is impossible for defense counsel to specify in detail the precise classified information to be raised at trial without appropriate security clearance, and counsel cannot obtain clearance if the government blocks counsels' application for clearance.

On or about June 14, 2024, counsel contacted CISO Winfield S. "Scooter" Slade to initiate the required security clearance process. Mr. Slade directed counsel to confer with the government in order to obtain their approval to proceed with the application.

Counsel then conferred with the government on at least three occasions seeking the government's agreement to allow counsels' initiation of the clearance application process. The government repeatedly declined to agree to allow counsel to even *apply* for clearance and requested an explanation from counsel about the type of classified information which may exist and how it could be relevant to this case. But the government is not entitled to invade the attorney-client relationship and require the waiver of privilege as a prerequisite to an application for clearance. At this juncture, this should be a binary inquiry: Is the government opposed or unopposed to counsel applying for clearance?

The government stated on the record that classified information exists in this case which they do not intend to produce to the Defendant.  It has also acknowledged the likelihood that Congressman Cuellar possesses classified information that may be relevant.  However, he is legally prohibited from discussing with counsel the existence and relevance of such information unless counsel has the requisite security clearance.

In order to provide effective assistance of counsel to Congressman Cuellar and protect his rights under the Fifth and Sixth Amendment, counsel must have the ability to speak freely with their client and investigate this information. Counsel is merely seeking authorization to proceed with the application process and is not yet seeking admission of classified material.  Counsel cannot engage in the CIPA process without clearance, and the government has no basis to oppose counsels' application for security clearance, particularly given the substantial international and official focus of the indictment.

The Defendant respectfully asks the Court to order the government and its designated CISO to allow Congressman Cuellar's counsel to initiate the security clearance application process.

Respectfully submitted:

/s/   Eric Reed_____
Eric Reed
THE REED LAW FIRM, PLLC
State Bar No. 00789574
Federal I.D. No. 17904
912 Prairie Street, Suite 100
Houston, Texas 77002
(713) 600-1800 (Tel)
(713) 600-1840 (Fax)


/s/   Chris Flood_____
Chris Flood
FLOOD & FLOOD
State Bar No. 07155700
Federal I.D. No. 9929
914 Preston Street, Suite 800
Houston, Texas 77002
(713) 223-8877

ATTORNEYS FOR
ENRIQUE ROBERTO CUELLAR

## **Certificate of Conference**

On June 17, June 28, and July 9, 2024, Mr. Chris Flood, counsel for Mr. Cuellar, conferred with government counsel Mr. Garrett Coyle regarding the government's position on this Motion. On July 9, 2024, Mr. Coyle informed counsel that the government is opposed to defense counsel initiating the security clearance application process.

*Eric Reed*
Eric Reed

## **Certificate of Service**

On July 15, 2024, this Opposed Motion for Order Compelling Government to Allow Counsels' Application for Security Clearance was filed using the Court's electronic filing system, and copies were automatically sent to all counsel of record. Copies were also provided to counsel for the government by electronic mail.

*Eric Reed*
Eric Reed