UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | §<br>§   No. 4:24-cr-224<br>§ |
| v. | § <br>§ |
| ENRIQUE ROBERTO "HENRY" CUELLAR and IMELDA RIOS CUELLAR, | §<br>§<br>§<br>§ |
| Defendants. | §<br>§ |

GOVERNMENT'S OPPOSITION TO
MOTION FOR ORDER COMPELLING GOVERNMENT TO
ALLOW COUNSELS' APPLICATION FOR SECURITY CLEARANCE

Counsel for Enrique "Henry" Cuellar have moved to apply for security clearances for this case, which is a prerequisite for access to classified information. ECF No. 48. That request is premature. "Defense counsel's security clearance becomes relevant if and only if" they need access to classified information to litigate a case. *United States v. Asgari*, 940 F.3d 188, 191–92 (6th Cir. 2019). Here, the government does not anticipate disclosing any classified information in discovery. Moreover, the anticipated proceedings under the Classified Information Procedures Act (CIPA) are properly conducted ex parte and in camera. *See* ECF No. 31 at 3–4. And while Mr. Cuellar could theoretically have access to classified information by virtue of his position as a U.S. Congressman, the government is unaware of any classified information to which he had access that could conceivably be relevant to this case and that he would need to discuss with his counsel to prepare his defense. Nor does the motion represent that Mr. Cuellar believes any such information exists. Thus, at this stage, defense counsel have not established a need for security clearances to litigate this case. The motion should be denied without prejudice to allow its renewal if a genuine need to access classified information were to arise later in the case.

1

Classified information is information whose unauthorized disclosure reasonably could be expected to cause identifiable damage to the national security. Exec. Order No. 13,526, Sec. 1.2(a), 75 Fed. Reg. 707, 707–08 (Dec. 29, 2009). Given these risks to national security, classified information is subject to comprehensive safeguards. To have lawful access to classified information, a person must have both a security clearance and a need-to-know the specific information.[1] *Id.*, Sec. 4.1(a). In criminal cases, federal courts have widely recognized the "national interest" in restricting the disclosure of classified information to "the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant." *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973).

Here, there is no reason to believe, nor has the motion shown, that Mr. Cuellar's counsel will need access to classified information — and thus security clearances — to litigate this case. First, the government does not currently anticipate disclosing any classified information to the defense in discovery, as stated at the CIPA pretrial conference. Pretrial Conf. Tr. 25:16–18, May 16, 2024. As a result, there is no reason to believe that defense counsel need a security clearance to review discovery materials.

Second, as noted during the CIPA pretrial conference, the government anticipates moving for a protective order under CIPA § 4. *See* 18 U.S.C. app. 3 § 4; *see generally* Mot. for CIPA Pretrial Conf. at 4–6, ECF No. 31 (summarizing CIPA § 4 procedures). But CIPA § 4 proceedings are conducted ex parte, as explained in the government's motion for a CIPA pretrial conference.

---

[1] "Need-to-know" is defined as "a determination within the executive branch … that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized governmental function." Exec. Order No. 13,526, Sec. 6.1(dd). Thus, even if defense counsel had security clearances, that would not entitle them to access or receive classified information at the level of their clearance without the requisite need-to-know. *See, e.g.*, *United States v. Sedaghaty*, 728 F.3d 885, 909 (9th Cir. 2013).

ECF No. 31 at 3–4; *accord United States v. El-Mezain*, 664 F.3d 467, 567 (5th Cir. 2011) (explaining that "ex parte, in camera determination [of proceedings concerning classified information] is the rule" (citation omitted)). Because CIPA § 4 proceedings are ex parte, they are not an occasion for defense counsel to need security clearances. *See United States v. Amawi*, 695 F.3d 457, 473 (6th Cir. 2012) ("Even if counsel had been cleared, under the provisions of CIPA, they still would not have been able to participate in the classified discovery process and ex parte hearings.").

Finally, it is theoretically possible that Mr. Cuellar could have had access to classified information by virtue of his position in Congress, as the government acknowledged at the CIPA pretrial conference. Pretrial Conf. Tr. 27:16–21. Members of Congress, like Article III judges, are deemed to be eligible for access to classified information (without needing a security clearance) by virtue of holding an office identified in the Constitution. But it does not follow that any particular Congressperson or Article III judge was in fact provided any classified information in the course of his or her duties — let alone classified information that is relevant to a specific criminal case.

Here, the government is not aware of any classified information that Mr. Cuellar had access to that could have any conceivable relevance to any charge or any possible defense in this case.[2] That is unsurprising given the charges in this case. Mr. Cuellar is not charged with unlawfully disclosing classified information that he had received in the course of his congressional duties. *Cf.*

---

[2] The defense contends that the government "acknowledged the likelihood that Mr. Cuellar possesses classified information that may be relevant" by virtue of his office. Mot. at 5; *see also* Mot. at 2–3. To the contrary, the government represented that, "[a]s far as we understand," any relevant classified information in this case is solely in the government's possession. Pretrial Conf. Tr. 27:16–21.

3

18 U.S.C. § 793(d). Instead, he is charged with bribery, honest services wire fraud, being a public official acting as an agent of a foreign principal, and money laundering. ECF No. 1.

Nor has the defense identified any classified information to which Mr. Cuellar had access that could conceivably be relevant to this case, even in general terms, despite the government's request.[3] Indeed, the motion stops short of asserting that Mr. Cuellar believes any such information exists.[4] With no conceivably relevant classified information that Mr. Cuellar had access to, there is no legitimate need for him to disclose any classified information to his counsel to prepare his defense and thus no need for his counsel to obtain security clearances.

If a concrete, genuine need to access classified information were to arise later in the case — for example, if the Court were to determine that certain classified information at issue in the government's CIPA § 4 motion needed be disclosed to the defense — defense counsel could renew their request for security clearances at that point, and the government would not object. And if clearances were to become needed, the assigned Classified Information Security Officer has confirmed that the Litigation Security Group stands ready to expedite processing of defense

---

[3] During the meet-and-confer process on this motion, government counsel asked Mr. Cuellar's counsel for general information about the type(s) of classified information that Mr. Cuellar had access to and that could conceivably be relevant in this case — like the agency(s) that were the source of the classified information and the country(s) that the classified information concern. Mr. Cuellar's counsel declined to provide this information. The government's request for this kind of general information does not intrude on the attorney-client relationship, as the defense contends. *See* Mot. at 4.

[4] The motion is wrong in stating that Mr. Cuellar is "legally prohibited from discussing with counsel the existence and relevance of [any classified information Mr. Cuellar possesses] unless counsel has the requisite security clearance." Mot. at 5. Nothing prohibits Mr. Cuellar from giving his counsel general information about the classified information he had access to — like the broad topic(s) of the classified information, the agency(s) that was the source of the classified information, and the country(s) that the classified information concerns — and representing to his counsel that the information is relevant to this case, as long as Mr. Cuellar does not disclose the underlying classified information.

counsel's applications to accommodate the schedule set by the Court. But "[d]efense counsel's security clearance becomes relevant if and only if the Court determines the [classified] material should be disclosed" to the defense. *Asgari*, 940 F.3d at 191. At this point, the asserted rationales for security clearances are, at most, hypothetical. The motion should thus be denied without prejudice.

Dated: July 23, 2024                                  Respectfully submitted,

COREY R. AMUNDSON                       JENNIFER KENNEDY GELLIE
Chief, Public Integrity Section                Executive Deputy Chief
Criminal Division                                       performing the duties of Chief
U.S. Department of Justice                     Counterintelligence and Export Control Section
                                                                 National Security Division
By: */s/ Marco A. Palmieri*                   U.S. Department of Justice
Marco A. Palmieri
Rosaleen O'Gara                                   By: */s/ Garrett Coyle*
Celia Choy                                             Garrett Coyle
Attorneys for the United States            Attorney for the United States

**CERTIFICATE OF SERVICE**

     I certify that I filed this document via the CM/ECF system on July 23, 2024, which caused the motion to be electronically served on all counsel of record.

                                       */s/ Garrett Coyle*
                                       Garrett Coyle