**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **V.** § | Case No. 4:24-cr-00224 |
| § | |
| **ENRIQUE ROBERTO "HENRY"** § | |
| **CUELLAR and IMELDA RIOS** § | |
| **CUELLAR** | |

**DEFENDANTS' OPPOSED MOTION TO HOLD TRIAL IN
<u>LAREDO, TEXAS</u>**

TO THE HONORABLE LEE H. ROSENTHAL,
UNITED STATES DISTRICT JUDGE:

NOW COMES ENRIQUE ROBERTO "HENRY" CUELLAR and IMELDA RIOS CUELLAR, Defendants herein, through counsel. Defendants move the Court to hold the trial in this matter in Laredo, Texas, pursuant to Federal Rule of Criminal Procedure 18.

## I. BACKGROUND

Congressman Cuellar and his wife Ms. Cuellar are life-long residents of Laredo, Texas. Congressman Cuellar has represented the 28th District of the United States House of Representatives for 19 years. The 28th District includes Laredo and stretches east along the U.S.-Mexico border to Rio Grande City, Texas, and then north to the eastern portion of San Antoino, Texas. Exhibit A, 28th District Map.

1

On November 5, 2024, Mr. Cuellar was re-elected to serve the citizens of District 28 in Congress, and his public service duties are based in Laredo and Washington, DC and elsewhere within District 28. He not only has the right, but he has an obligation to perform his duties in these locations.

The indictment against Mr. and Ms. Cuellar has limited connections to Houston. The Department of Justice has charged Congressman Cuellar and Ms. Cuellar in a 54-page, 14-count indictment alleging bribery, honest-services wire fraud, and Foreign Agent Registration Act violations, among other charges. Dkt. No. 1. The indictment claims that while living in Laredo, Texas the Congressman engaged in an illegal scheme to take money from foreign entities in exchange for official acts. Dkt. No. 1. The indictment alleges that the scheme was carried out through individuals, acts, and entities in Laredo, Texas. Dkt. No. 1. As principal components of the alleged scheme, the indictment includes Laredo bank accounts (Dkt. No. 1 ¶¶ 27, 95, 125), Laredo meetings (Dkt. No. 1 ¶¶ 65, 82, 113 c, e) and Laredo offices, (Dkt. No. 1 ¶ 85).

Finally, the government attorneys are all based in Washington, DC. There is an airport in Laredo with flight from two major commercial carriers. The government must board flights from Washington whether the trial is held in Laredo or Houston.

## II. LEGAL STANDARD

Protecting individuals from a criminal trial in an unfair location is a principle of American law that dates to before the founding of our nation. Indeed, an unfair trial location was one of the core grievances that led to our nation's war for independence. *See e.g., Zicarelli v. Dietz*, 633 F.2d 312, 323 (3d Cir. 1980).

Today, in addition to a constitutional right to a trial within the state and district of the alleged crime, Federal Rule of Civil Procedure 18 requires that:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Fed. R. Crim. P. 18.

Rule 18 applies the *forum non conveniens*[1] doctrine to the selection of the appropriate forum within a district. *Houston v. United States*, 419 F.2d 30, 33 (5th

---

[1] Under forum non conveniens the Court reviews the private interest factors of:

"(i) the relative ease of access to sources of proof; (ii) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (iii) possibility of view of [the] premises, if view would be appropriate to the action; (iv) all other practical problems that make trial of a case easy, expeditious and inexpensive ... enforceability of judgment[; and whether] the plaintiff [has sought to] "vex," "harass," or "oppress" the defendant."

And the public interest factors of:
"(i) the administrative difficulties flowing from court congestion; (ii) the local interest in having localized controversies resolved at home; (iii) the interest in having a the trial of a diversity case in a forum that is familiar with the law that must govern the action; (iv) the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and (v) the unfairness of burdening citizens in an unrelated forum with jury duty."
*DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir. 2007).

Cir. 1969). The trial judge exercises her discretion under Rule 18 to select the division for trial based on a showing of good cause. *Id.* "In deciding the place of trial within the district the court must balance the statutory factors of the convenience of the defendant and witnesses with the prompt administration of justice." *In re Chesson*, 897 F.2d 156, 159 (5th Cir. 1990). To find error in the place of trial under Rule 18, the movant must establish facts showing substantial hardship or prejudice. *See United States v. Alvarez*, 561 F. App'x 375, 381 (5th Cir. 2014). "Reversal of an intradistrict transfer is proper only if a party demonstrates a "substantial ground for overturning the district court's decision." *United States v. Lipscomb*, 299 F.3d 303, 339 (5th Cir. 2002) (reversing and remanding for new trial in venue determined consistent with opinion).

Trial location must be set based on a weighing of the Rule 18 factors and cannot be set as a matter of course, "[a]s local court policy is irrelevant." *Id.* In making its venue determination a Court may consider convenience to the defendants, witnesses, and victims, prompt administration of justice, docket management, trial logistics, and pretrial publicity. *Id.* The Fifth Circuit has been clear that reversal is appropriate if the venue determination within the district is not based on the facts of the case before the court:

> The district court here did not learn through hard experience that voir dire would be challenging. It developed no facts to suggest that the pretrial publicity presumptively or actually tainted the jury pool; it failed to analyze the publicity itself for prejudice; it applied a wrong

4

and unrealistically high standard to determine whether the putative jury would be prejudiced; and it relied on cases of ours that are not on point." *Lipscomb*, 299 F.3d at 348.

In *Garza*, the Fifth Circuit reversed a trial location for abuse of discretion under Rule 18 when the district court failed to account for the hardship and prejudice created by holding the trial in a division of the district which was more than 300 miles from the defendants' home and place where alleged crime occurred. *United States v. Garza*, 593 F.3d 385, 387 (5th Cir. 2010). The Court ruled the district court abused its discretion by setting trial in Waco instead of Del Rio without due consideration of the substantial hardship that the distance caused to all the parties involved. *Id.* Noting that nearly every defendant and witness lived near Del Rio and all the events leading to the indictment occurred in the same area, the Fifth Circuit concluded: "We rarely see a case in which the convenience factor weighs so heavily against transfer." *Id.* "The circumstances of the instant case suggest that it too falls outside the realm of Rule 18 normalcy." [2]

### III.   APPLICATION

Given Mr. and Mrs. Cuellar's deep roots in Laredo, Mr. Cuellar's official duties in Laredo and the number of witness in Laredo, it makes sense to hold the trial of Congressman Cuellar and Ms. Cuellar is Laredo, Texas. Applying the *forum non*

---

[2] The court limited its ruling to the *sua sponte* transfer that had occurred in the trial court.

*conveniens* factors for selection of venue within a district, the equities overwhelmingly favor trial in Laredo. *See Houston*, 419 F.2d at 33; *In re Chesson*, 897 F.2d at 159.

      Congressman Cuellar and Ms. Cuellar have lived in Laredo for about 65 years. Congressman Cuellar works between his offices in Laredo and in Congress at the Capitol in Washington, D.C. Exhibit B, Cuellar Declaration. Forcing Congressman Cuellar and Ms. Cuellar to relocate to Houston for the trial would be very inconvenient. Exhibit B, Declaration of Congressman Cuellar. The Congressman and Ms. Cuellar would have to pay a third set of living expenses for a residence during the trial in addition to their homes in Laredo and Washington, D.C. Exhibit B. It will already be challenging for the Congressman to keep up with his public duties while defending himself in federal court, and forcing the Congressman to defend himself at trial in a place that is neither his home nor place of work makes that effort nearly impossible. *See* Exhibit B. That inconvenience would also amount to prejudice if the inconvenient trial location forced the Congressman to further divide his attention between the trial and his public duties to the detriment of his trial preparation. *See* Exhibit B. Under Rule 18, Congressman Cuellar and Ms. Cuellar's convenience and prejudice overwhelmingly favor trial in Laredo. *See* Fed. R. Crim. P. 18. Congressman Cuellar and his wife would likely incur thousands of dollars of travel and lodging expenses to appear for pretrial motions and trial. *See* Exhibit B.

6

The Government's indictment also demonstrates that the evidence and witnesses are primarily located in Laredo, this includes bank accounts, meeting locations, and individuals. *See* Dkt. No. 1 ¶¶ 27, 65, 82, 85, 95, 113, 125. A Laredo office suite is also identified as part of the government's allegations. Dkt. No. 1 ¶ 85. Practically, the office suite and other locations may only be examined by the jury if the trial is held in Laredo. *See* Dkt. No. 1 ¶ 85. While the defense does not yet possess all of the government's discovery, it is already clear that many principal defense witnesses are in Laredo as well. It would be very inconvenient to obtain testimony at trial through voluntary and compulsory processes if the trial is 300 miles away from where the witnesses are located. Holding the trial in Houston could lead to witnesses being inconvenienced and unable to show up for testimony due to the five-hour drive time, delays, and scheduling conflicts. That impediment creates prejudice to the Cuellars' defense. Therefore, the witnesses and evidence factor under Rule 18 strongly favors trial in Laredo as well. *See* Fed. R. Crim. P. 18.

Further, the government attorneys in this case are all based in Washington, D.C., and they must board flights from Washington to attend trial and pretrial hearings. Two major airlines have flights from Washington to Laredo—United and American Airlines. Whether those flights transport them to Houston or to the airport in Laredo makes no appreciable difference in this analysis.

Besides the generalized harm to the United States alleged in the indictment, the alleged victims in this case are "the residents of Texas's 28th Congressional District." Dkt. No. 1 ¶¶ 4, 99, 117. The prosecutors claim Congressman Cuellar failed to provide honest services to those residents while carrying out the "duties and responsibilities" of his elected office. Dkt. No. 1 ¶ 4, 99, 117. Those alleged victims are almost entirely located in and around Laredo. *See* Exhibit A. Therefore, it would be most convenient for the alleged victims in this case to watch and participate in the trial if the trial is held in Laredo. This Rule 18 factor also favors trial in Laredo. Fed. R. Crim. P. 28.

Finally, under the administration of justice factor, allowing the government to select a forum with no meaningful connection to the case, to the defendants, or to most of the witnesses' risks signaling to the jury that there is a reason that the Laredo Division cannot hold this trial. Jurors in the Laredo Division of the Southern District of Texas can be trusted with this trial as they are trusted with a high volume of cases in the Southern District. Accordingly, the administration of justice factors under Rule 18 also strongly weigh in favor of trial in Laredo. Fed. R. Crim. P. 18. *See Houston*, 419 F.2d at 33; *In re Chesson*, 897 F.2d at 159.

Forcing a congressman out of his district to hold a trial against him 314 miles away from his home and constituents can lead to the conclusion that what is happening is the type of unfair venue shopping that concerned our lawmakers before

8

our nation's founding. *See Zicarelli*, 633 F.2d at 323. Holding the trial as far away as legally possible from the location of the alleged crime pushes to the outer bounds the intradistrict venue doctrine and risks the great prejudice of a defendant being tried by jurors outside of his "vicinage."[3] In the face of these overwhelming hardship and prejudice factors under Rule 18, this case is closely analogous to *Lipscomb* and *Garza* where the location of the defendants, witnesses and interests of justice strongly favor trial in the city where the alleged crime occurred. *See Garza*, 593 F.3d at 387; *Lipscomb*, 299 F.3d at 348. It is hard to imagine countervailing factors which would dictate that the just trial location would be anywhere besides Laredo. *See id.*

## IV.   CONCLUSION

For the aforementioned reasons and pursuant to Federal Rule of Criminal Procedure 18, Congressman Cuellar and Mrs. Cuellar move the Court to set trial in this case in Laredo, Texas.

---

[3] U.S. Const. amend. VI.; *Smith v. United States*, 599 U.S. 236, 245 (2023).

Respectfully submitted,

FLOOD & FLOOD

*/s/ Chris Flood*
Chris Flood
Email: chris@floodandflood.com
State Bar No. 07155700
Federal I.D. No. 9929

Charles Flood
Email: charles@floodandflood.com
State Bar No. 00798178
Federal I.D. No. 22508

Stephen D. Dockery
State Bar No. 24120265
Email: stephen@floodandflood.com

914 Preston, Ste. 800
Houston, Texas 77002
713-223-8877
713-223-8877 fax

THE REED LAW FIRM, PLLC
Eric Reed
State Bar No. 00789574
Federal I.D. No. 17904
Email: ereed@reedlawpllc.com
912 Prairie St., Suite 100
Houston, Texas 77002
713-600-1800
713-600-1840 fax

***ATTORNEYS FOR ENRIQUE ROBERTO "HENRY" CUELLAR***

        Drumheller, Hollingsworth & Monthy, LLP

        */s/ Derek S. Hollingsworth*
        Derek S. Hollingsworth
        State Bar No. 24002305
        Federal I.D. No. 34569
        Email: dhollingsworth@dhmlaw.com
        *ATTORNEY-IN-CHARGE*

        Anthony D. Drumheller
        State Bar No. 00793642
        Federal I.D. No. 22734
        Email: adrumheller@dhmlaw.com

        Jeremy T. Monthy
        State Bar No. 24073240
        Federal I.D. No. 1115582
        Email: jmonthy@dhmlaw.com

        Lindsay M. Contreras
        State Bar No. 24094164
        Federal I.D. No. 3685193
        Email: lcontreras@dhmlaw.com

        712 Main Street, Suite 1705
        Houston, Texas 77002
        Telephone: (713) 751-2300
        Facsimile: (713) 751-2310

        ***ATTORNEYS FOR IMELDA RIOS CUELLAR***

## **CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with Department of Justice Trial Attorney Celia Choy on April 16, 2025. Ms. Choy stated the United States is opposed to this motion.

*/s/ Chris Flood*
Chris Flood

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Chris Flood*
Chris Flood