UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | No. 4:24-cr-224 |
| v. § | |
| § | |
| ENRIQUE ROBERTO "HENRY" § | |
| CUELLAR and IMELDA RIOS § | |
| CUELLAR, § | |
| § | |
| Defendants. § | |

**GOVERNMENT'S MOTION FOR ORDER REQUIRING
PRETRIAL NOTICE OF ADVICE-OF-COUNSEL DEFENSE**

1

I. **Introduction**

Since being indicted, defendant Enrique "Henry" Cuellar has made multiple public statements about having sought and received advice from attorneys and the U.S. House of Representatives Committee on Ethics that is purportedly relevant to the charges in this case. These public statements — including his claim on the courthouse steps that "before we took any steps" he had "ask[ed] about what was the rules … to do this type of work" and "made sure that it was clear … ethically and of course by law" — appear to indicate that the defendants intend to put forward an "advice of counsel" defense at trial.

As the Fifth Circuit has explained, a defendant's claimed reliance on the advice of counsel can be a circumstance that the jury can consider in determining whether the defendant acted with the specific intent required by a criminal statute. Because the defense depends on the content of attorney-client communications, asserting the defense waives the defendant's privilege over the communications. In addition, asserting the defense also affects the admissibility of evidence at trial — for example, evidence about whether the defendant consulted an attorney.

To facilitate determinations about the admissibility of evidence at trial and to allow timely discovery of information relevant to any advice-of-counsel defense, the government moves to require the defendants to provide pretrial notice of their intention to assert the defense, along with attendant disclosures. Requiring pretrial notice will also avoid mid-trial delays for discovery of relevant information and for collateral litigation over what materials the government is entitled to.

The government thus respectfully seeks an order requiring the defendants to provide the government with notice of their intention to assert an advice-of-counsel defense and to produce: (a) the identity of the attorney(s) or other authority(s) who provided the advice relevant to such a defense, (b) all documents that they intend to rely on in support of such a defense, and (c) any other documents relating to such a defense, by August 8, 2025.

## II. Factual Background

A grand jury indicted Henry and Imelda Cuellar in April 2024 on charges of conspiracy, bribery, honest services wire fraud conspiracy, being a public official acting as a foreign agent, money laundering conspiracy, and money laundering. ECF No. 1. The charges include both specific-intent and general-intent crimes. *See, e.g.*, Pattern Crim. Jury Instr. 5th Cir. 2.15A & 2.76C (2019) (conspiracy requires that defendant "knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose"); Pattern Crim. Jury Instr. 5th Cir. 2.09B (bribery requires that defendant acted "corruptly in return for being influenced in his performance of an official act"); Tr. 7124:8–14, ECF No. 583, *United States v. Menendez*, No. 1:23-cr-490 (S.D.N.Y. July 12, 2024) (18 U.S.C. § 219 requires that defendant "acted knowingly"). Trial is scheduled for September 22, 2025. ECF No. 64.

During the underlying investigation, the government employed standard procedures to safeguard against inappropriate access to privileged information. As part of these procedures, a filter team of agents and attorneys not investigating or prosecuting the case reviewed potentially privileged materials obtained via search warrant, determined whether the materials were privileged, and segregated privileged materials from the agents and attorneys investigating and prosecuting the case. The filter team has segregated over 40,000 communications involving the defendants on privilege grounds. In addition, in response to subpoenas, the defendants produced privilege logs indicating that they withheld 949 documents on privilege grounds.

In pre-charging discussions, Rep. Cuellar's counsel told government counsel that Rep. Cuellar has a potential advice-of-counsel defense. In response, the government invited Rep. Cuellar to provide the evidence supporting the defense or any other evidence that he wished the government to consider before charging. Rep. Cuellar did not produce any documents or other evidence.

Since being charged, Rep. Cuellar has made multiple public statements about advice purportedly relevant to this prosecution that he claims he received from several sources. On the courthouse steps after his initial appearance, he told the media:

> [B]efore we took any steps … I sought legal advice. … I went to a law firm, a national law firm, and asked them for advice. I went to the House Ethics [Committee] twice, twice, to ask about what was the rules … to do this type of work. So we made sure that it was clear, it was clear ethically and of course by law.

KHOU 11 News, *Lawyer for Texas Democratic US Rep. Henry Cuellar says charges against him "are fiction"*, YouTube (May 3, 2024), https://www.youtube.com/watch?v=Esxxsw3STcI.

Later that week, he had the following exchange with a reporter:

> Rep. Cuellar: I sought legal advice. I sought two ethics opinions. … I sought advice to make sure everything was legal and ethical.
>
> Reporter: Can you tell us what you sought opinions about? That she could work with the Azerbaijanis?
>
> Rep. Cuellar: We will let the attorneys take care of that.

Forbes Breaking News, *"So You Didn't Take Any Bribes At All?": Reporter Grills Henry Cuellar About Allegations Of Bribery*, YouTube (May 7, 2024), https://www.youtube.com/watch?v=RDOUgM3Bc1c.

The next month, Rep. Cuellar reportedly said the following in a media interview:

> I did seek legal advice before and two ethics opinions also. Everything was in writing before anything ….

Texas Standard, *Cuellar pushes back on DOJ indictments* (June 19, 2024), https://www.texasstandard.org/stories/henry-cuellar-south-texas-congressman-representative-democrat-doj-indictments/.

After learning of these public statements, the government asked defense counsel in September 2024 whether the defendants intend to assert any defense that they lacked the requisite

4

intent to violate the law because of advice from counsel, the U.S. House of Representatives Committee on Ethics, or any other authority. Ex. 1. The defense has not responded to the government's letter or otherwise produced any reciprocal discovery concerning this defense.

### III. Legal Standards

"Strictly speaking," a defendant's reliance on the advice of counsel or another relevant authority is "not really a defense" to criminal charges. *United States v. Carr*, 740 F.2d 339, 346 n.11 (5th Cir. 1984). Instead, it constitutes evidence that, if believed, can create reasonable doubt as to "whether or not the defendant possessed the requisite specific intent" under the applicable criminal statute.[1] *Id.*; *accord United States v. Shah*, 95 F.4th 328, 378 (5th Cir. 2024) ("A successful advice-of-counsel defense negates willfulness by 'creat[ing] (or perpetuat[ing]) an honest misunderstanding of one's legal duties.'" (quoting *United States v. Mathes*, 151 F.3d 251, 255 (5th Cir. 1998)) (brackets in original)); *United States v. West*, 22 F.3d 586, 598 n.36 (5th Cir. 1994) (defendant's claimed reliance on advice of counsel is a "circumstance" that the jury can "consider in determining whether a [d]efendant was acting" with the requisite specific intent).

A defendant is not entitled to an advice-of-counsel jury instruction "that lacks sufficient foundation in the evidence." *Shah*, 95 F.4th at 378 (quoting *United States v. Branch*, 91 F.3d 699, 712 (5th Cir. 1996)). "An advice-of-counsel defense has four elements: (1) before taking action, the defendant in good faith sought the advice of an attorney; (2) for the purpose of securing advice

---

[1] Because an advice-of-counsel defense goes to whether the defendant acted with the requisite *specific* intent, it is potentially applicable to only *some* of the charges here — i.e., the specific-intent crimes. It is not applicable to the general-intent crimes, like Counts Four and Eight, which charge violations of 18 U.S.C. § 219. *See* Tr. 7124:8–14, ECF No. 583, *United States v. Menendez*, No. 1:23-cr-490 (S.D.N.Y. July 12, 2024) (§ 219 requires that defendant "acted knowingly"); *United States v. Ragsdale*, 426 F.3d 765, 778 & n.6 (5th Cir. 2005) (affirming exclusion of evidence concerning advice-of-counsel defense because "[t]he … defense is only applicable where it may negate willful violation of the law").

on the lawfulness of potential future conduct; (3) gave a full and accurate report of all material facts; and (4) the defendant acted strictly in accordance with the attorney's advice." *Id.* (affirming denial of advice-of-counsel instruction because defense failed to present sufficient evidence of third and fourth elements).

Asserting an advice-of-counsel defense has two important implications. First, it affects the admissibility of evidence at trial. For example, when no advice-of-counsel defense is at issue, evidence that the defendant consulted an attorney is generally inadmissible on relevance and Rule 403 grounds. *See, e.g.*, *Ragdale*, 426 F.3d at 778; *S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 682–84 (S.D.N.Y. 2013); *S.E.C. v. Lek Sec. Corp.*, No. 17-cv-1789, 2019 WL 5703944, at *4 (S.D.N.Y. Nov. 5, 2019). But this same evidence can become relevant and admissible if the defendant has put forward an advice-of-counsel defense. *See, e.g.*, *United States v. Krenning*, 93 F.3d 1257, 1265 n.11 (5th Cir. 1996).

Second, because the elements of an advice-of-counsel defense depend on the substance of communications between a defendant and his lawyer, asserting the defense waives the privilege over those communications. *See Ward v. Succession of Freeman*, 854 F.2d 780, 787–88 (5th Cir. 1988). This rule ensures that the privilege cannot be used "as both a sword and a shield." *Nguyen v. Excel Corp.*, 197 F.3d 200, 207 n.18 (5th Cir. 1999). To assess whether a defendant truly acted in good faith, it becomes necessary to understand his communications with his attorney: did he fully and honestly lay out all the facts, did the attorney give him information that would lead him to believe he was not acting lawfully, did he strictly and in good faith follow counsel's advice? By raising an advice-of-counsel defense and putting these matters at issue, the defendant waives the privilege over "any communications or evidence [he] intend[s] to use to establish the defense," as well as over "otherwise-privileged communications that [he] do[es] *not* intend to use at trial, but

6

that are relevant to proving or undermining the advice-of-counsel defense." *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018); *accord United States v. Hatfield*, No. 06-cr-550, 2010 WL 183522, at *13 (E.D.N.Y. Jan. 8, 2010); *In re Taxable Mun. Bond Sec. Litig.*, No. MDL 863, 1993 WL 323069, at *3 (E.D. La. Aug. 18, 1993).

While the Federal Rules of Criminal Procedure do not specifically require defendants to provide pretrial notice of an advice-of-counsel defense, district courts have broad discretion to impose notice and disclosure requirements as part of their inherent authority over discovery and trial management. *See United States v. Armstrong*, 517 U.S. 456, 474 (1996) ("[Rule 16] is intended to prescribe the minimum amount of discovery … [not] to limit the judge's discretion to order broader discovery." (citation omitted)); *Crowder*, 325 F. Supp. 3d at 138. "The majority of district courts that have considered the question have sensibly exercised their inherent authority to impose a pretrial notice and discovery requirement regarding the advice-of-counsel defense." *United States v. Dallmann*, 433 F. Supp. 3d 804, 812 (E.D. Va. 2020) (collecting cases)); *accord United States v. Akula*, No. 21-cr-98, 2023 WL 5013532, at *3 (E.D. La. Aug. 7, 2023) (requiring such notice 2.5 months before trial); *United States v. Crinel*, No. 15-cr-61, 2016 WL 6441249, at *12 (E.D. La. Nov. 1, 2016) (one month before trial); *United States v. Barreiro*, No. 13-cr-636, 2015 WL 10381741 (N.D. Cal. Dec. 2, 2015) (7.5 weeks before trial).

**IV.     Argument**

Despite Rep. Cuellar's public statements alluding to an advice-of-counsel defense and the government's inquiry whether the defendants intend to assert the defense, the defendants have not indicated whether they intend to put forward the defense at trial. For three reasons, the Court should exercise its inherent authority to set a pretrial deadline for the defendants to notify the government if they intend to assert an advice-of-counsel defense and to produce discovery relevant to that defense.

7

First, requiring pretrial notice is necessary to determine whether evidence that the defendants intend to elicit or offer at trial is admissible. For example, the defendants would need to establish the relevance of the alleged conduct referenced in Rep. Cuellar's public statements — e.g., that he "went to … a national law firm and asked … for advice" and "went to the House Ethics [Committee] twice … to ask about what was the rules … to do this type of work." Whether this type of evidence is relevant and not confusing or prejudicial will depend largely on whether an advice-of-counsel defense is at issue. *Compare United States v. Ragsdale*, 426 F.3d 765, 778 (5th Cir. 2005), and *S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 682–84 (S.D.N.Y. 2013), *with United States v. Krenning*, 93 F.3d 1257, 1265 n.11 (5th Cir. 1996). The government seeks notice of the advice-of-counsel defense before the August 22, 2025 deadline for motions in limine (ECF No. 64) so that it can assess the potential evidentiary issues and file any appropriate motions.

Second, pretrial notice is necessary to conduct timely discovery into otherwise privileged matters relevant to the defense. To date, the defendants have not produced reciprocal discovery concerning an advice-of-counsel defense. And because the defendants have not formally asserted the defense, the government has not attempted to obtain otherwise privileged information relevant to the defense. But if the defendants assert the defense, thereby waiving privilege over this information, the government will need time to seek discovery of the information — not only "communications or evidence [that] defendants intend to use to establish the defense," but also "otherwise-privileged communications that defendants do *not* intend to use at trial, but that are relevant to proving or undermining the advice-of-counsel defense." *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018). This discovery would likely include: (1) subpoenaing relevant communications between the defendants and the attorney(s) they purportedly consulted; (2) subpoenaing relevant communications between Rep. Cuellar and the House Ethics Committee;

8

and (3) having the government's filter team re-review documents previously segregated on privilege grounds to determine whether the documents can now be provided to the prosecution team in light of the privilege waiver.

Third, pretrial notice will avoid mid-trial delays for this discovery and for collateral litigation over privilege. For example, here, it is not clear whether the attorney-client privilege over communications with the law firm that Rep. Cuellar purportedly consulted is held solely by Rep. Cuellar or jointly by Rep. Cuellar and Mrs. Cuellar (or potentially also by their adult child Relative-1, *see* Indictment ¶¶ 43–44, 81–82). As a result, the Court might need to resolve who owns the privilege, who can waive the privilege, and whether one defendant can rely on evidence protected by another's privilege. As another example, the House Ethics Committee keeps a congressperson's request for advice and any response confidential but will disclose those materials to the congressperson at his or her request.[2] The Court might thus need to resolve Rep. Cuellar's obligation to obtain and disclose materials that he can obtain upon request. These additional

---

[2]    House Ethics Committee Rule 3(j) says:

> The Committee shall keep confidential any request for advice from a Member, officer, or employee, as well as any response thereto. *Upon request of any Member, officer, or employee who has submitted a written request for an opinion ..., the Committee may release to the requesting individual a copy of their own written request for advice ..., any subsequent written communications between such individual and Committee staff regarding the request, and any Committee advisory opinion ... issued to that individual in response.* The Committee shall not release any internal Committee staff work product, communications, or notes in response to such a request, except as authorized by the Committee.

Rule 3(j), Committee on Ethics, U.S. House of Representatives (118th Cong., adopted Feb. 28, 2023) (emphasis added), *available at* https://ethics.house.gov/wp-content/uploads/2024/11/CoE-Adopted-Rules-118th_0.pdf.

9

complications underscore the need for pretrial disclosure of the advice-of-counsel defense to avoid mid-trial delays. *See Crowder*, 325 F. Supp. 3d at 138.

## V.     Conclusion

The government thus respectfully requests an order requiring the defendants to provide the government with notice of their intention to assert any defense that they lacked the requisite intent to violate the law because of advice from counsel, the U.S. House of Representatives Committee on Ethics, or any other authority, and to produce: (a) the identity of the attorney(s) or other authority(s) who provided the advice relevant to such a defense, (b) all documents that they intend to rely on in support of such a defense, and (c) any other documents relating to such a defense, by August 8, 2025.

Dated: May 9, 2025                                                       Respectfully submitted,

| | |
|---|---|
| EDWARD P. SULLIVAN<br>Acting Chief<br>Public Integrity Section<br>Criminal Division<br>U.S. Department of Justice | JENNIFER KENNEDY GELLIE<br>Chief<br>Counterintelligence and Export Control Section<br>National Security Division<br>U.S. Department of Justice |
| By: */s/ Rosaleen O'Gara*<br>Rosaleen O'Gara<br>Celia Choy<br>Aaron L. Jennen<br>Attorneys for the United States | By: */s/ Garrett Coyle*<br>Garrett Coyle<br>Attorney for the United States |

## CERTIFICATE OF CONFERENCE

In accordance with Criminal Local Rule 12.2, I certify that I notified defense counsel of the government's intent to file this motion on May 8, 2025. Defense counsel notified me on May 9, 2025, that the defendants are opposed to the motion.

*/s/ Garrett Coyle*
Garrett Coyle

## CERTIFICATE OF SERVICE

I certify that I filed this motion via the CM/ECF system on May 9, 2025, which caused the motion to be electronically served on all counsel of record.

*/s/ Garrett Coyle*
Garrett Coyle