IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V.       § | Case No. 4:24-cr-00224 |
| § | |
| ENRIQUE ROBERTO "HENRY" § | |
| CUELLAR and IMELDA RIOS § | |
| CUELLAR     § | |

**DEFENDANT ENRIQUE ROBERTO "HENRY" CUELLAR'S
MOTION TO DISMISS INDICTMENT FOR
SPEECH OR DEBATE CLAUSE VIOLATIONS**

TO THE HONORABLE LEE H. ROSENTHAL,
UNITED STATES DISTRICT JUDGE:

NOW COMES UNITED STATES CONGRESSMAN ENRIQUE ROBERTO "HENRY" CUELLAR, Defendant herein, through counsel. Congressman Cuellar moves the Court to dismiss the government's unconstitutional indictment which violates the Congressman's absolute Speech or Debate Clause privilege under Article 1, section 6, of the United States Constitution. Congressman Cuellar also moves for the Court to order the government to disclose the grand jury record of the indictment for review of Speech or Debate violations.

## I. BACKGROUND

The Department of Justice has charged Congressman Cuellar and Mrs. Cuellar in a 54-page, 14-count indictment alleging bribery, conspiracy, honest services wire

1

fraud, and Foreign Agent Registration Act violations, among other charges. Dkt. No. 1. The indictment claims the Congressman engaged in a scheme to take money from foreign entities in exchange for official acts. Dkt. No. 1. Paragraphs 45 and 83 of the government's indictment allege the Congressman carried out specific acts in the House of Representatives as part of that purported scheme. These include allegations about the core deliberative and communicative process of the Congressman in the House of Representatives in carrying out his legislative duties. They include allegations of predicate acts about the Congressman having placed language in House bills, drafted amendments to bills and resolutions, summarized funding measures in bills under his consideration, that his staff sought input on bills the Congressman was considering, the text of a speech he would give in the House, the Congressman's deliberation on talking points for bills under consideration, his intent to carry a bill in the House, and his meetings with a legislator who would sponsor the bill in the Senate.[1] Dkt. No. 1 ¶¶ 45(a)-(e), (g), (h),(j)-(m), 83(b)-(d),(f).

---

[1]Specifically these allegations claim:
1. The Congressman "Placed language within that year's National Defense Authorization Act." Dkt. No. 1 ¶ 45(a)
2. The Congressman was given talking points regarding a "potential amendment" to a bill under consideration in the House of Representatives for use during the debate of the bill. Dkt. No. 1 ¶ 45(b)
3. The Congressman's summary of "funding measures in the State, Foreign Operations, and Related Programs Appropriations Bills" that he was working on in the House of Representatives. Dkt. No. 1 ¶ 45(c).
4. The Congressman's staff made efforts to solicit input on a House Appropriations Committee Report. Dkt. No. 1 ¶ 45(d).
5. The Congressman reviewed and deliberated on the language in the Appropriations Committee Report. Dkt. No. 1 ¶ 45(d).

These alleged predicate acts are incorporated by reference in paragraphs 86, 93, 95, 96, 97, 98, 100, 101, 102, 111, 115 and 120, among others, which concern conspiracy, 18 U.S.C. § 371, bribery, 18 U.S.C. §§ 201(b) & 2, honest services wire fraud conspiracy, 18 U.S.C. § 1349, and a Public Official Acting as an Agent of a Foreign Principal, 18 U.S.C. §§ 219 & 2.

---

6. The Congressman discussed the text of a speech he intended to give on the floor of the House of Representatives. Dkt. No. 1 ¶ 45(e).
7. The Congressman communicated that he had "submitted language" related to his work. Dkt. No. 1 ¶ 45(g).
8. The Congressman had communications about an amendment to the Department of Interior, Environment, and Related Agencies Appropriations Act for Fiscal Year 2018, a bill that was before the House. Dkt. No. 1 ¶ 45(h).
9. Congressman Cuellar's communicated about a resolution under consideration by a committee of the House of Representatives and his efforts to oppose the amendment. Dkt. No. 1 ¶ 45(j).
10. Congressman Cuellar communicated about adding an amendment to a bill in the House of Representatives. Dkt. No. 1 ¶ 45(k).
11. Congressman Cuellar worked on the House Appropriation's Committee regarding the Nagorno-Karabakh conflict. Dkt. No. 1 ¶ 45(l).
12. The Congressman's worked on a proposed amendment to the State, Foreign Operations, and Related Programs Appropriations Act for Fiscal Year 2021. Dkt. No. 1 ¶ 45(m).
13. The Congressman communicated and deliberated about a House of Representatives Committee report regarding banking de-risking. Dkt. No. 1 ¶ 83(b).
14. The Congressman communicated and deliberated about amendments to bills under consideration by the House of Representatives. Dkt. No. 1 ¶ 83(c).
15. The Congressman's staffers' communicated about "H.R. 4018, the Consumer Protection and Choice Act" which was being considered by the House of Representatives and which Congressman Cuellar had been asked to co-sponsor. Dkt. No. 1 ¶ 83(d).
16. The Congressman discussed a de-risking bill he intended to carry in the House of Representatives, his meetings with a United States Senator about the bill's topic and talking points prepared by the Congressman's staff. Dkt. No. 1 ¶ 83(f).

## II.  LEGAL STANDARD

Article 1 Section 6 Clause 1 of the United States Constitution states that "for any Speech or Debate in either House, [the Senators and Representatives] shall not be questioned in any other Place."  U.S. Const. art. I, § 6, cl. 1.  Known as the "Speech or Debate Clause" this clause absolutely immunizes "Congressmen and their aides ... from liability for their actions within the 'legislative sphere,' even though their conduct, if performed in other than legislative contexts, would in itself be unconstitutional or otherwise contrary to criminal or civil statutes."  *Doe v. McMillan*, 412 U.S. 306, 312-13 (1973) (quoting *Gravel v. United States*, 408 U.S. 606, 624-25 (1972)).  "It is beyond doubt that the Speech or Debate Clause *protects against inquiry* into acts that occur in the regular course of the legislative process and into the motivation for those acts.  So expressed, the privilege is broad enough to ensure the historic independence of the Legislative Branch, essential to our separation of powers, but narrow enough to guard against the excesses of those who would corrupt the process by corrupting its Members."  *United States v. Brewster*, 408 U.S. 501, 525 (1972) (emphasis added).

The Supreme Court has extended this clause to cover not just speeches and debates but "legislative acts" which are acts "generally done in Congress in relation to the business before it."  *Gravel v. United States*, 408 U.S. 606, 617 (1972).  More specifically, to be an act protected by the Speech or Debate Clause, the act "must be

4

an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House." *Id*.

Acts which are immune from questioning by the Speech or Debate Clause are a congressman's speeches and debates and the "deliberative and communicative processes" for each Members' "consideration and passage or rejection of proposed legislation" as well as the drafting and use of committee reports and resolutions, and the speeches and conduct of members at legislative hearings. *Id.* at 617, 625. "Committee reports, resolutions, and the act of voting are equally covered; '(i)n short, . . . things generally done in a session of the House by one of its members in relation to the business before it." *Id*. Those protections are equally given to every congressman's staff and aides. *Id.* at 618.

In determining whether the Speech or Debate Clause is implicated in a prosecution "[t]he question is whether it is necessary to inquire into how [the Member] spoke, how he debated, how he voted, or anything he did in the chamber or in committee in order to make out a violation of this statute." *Brewster*, 408 U.S. at 525. A member of congress may not be tried or convicted if a showing of a legislative act is required. *Id*. "Indeed, the Speech or Debate Clause was designed to *preclude* prosecution of Members for legislative acts." *United States v. Helstoski*,

5

442 U.S. 477, 488 (1979) (emphasis added). "We see no escape from the conclusion that such an intensive judicial inquiry, made in the course of a prosecution by the Executive Branch under a general conspiracy statute, violates the express language of the Constitution and the policies which underlie it." *United States v. Helstoski*, 442 U.S. 477, 487 (1979).

Prosecutors *may* inquire into whether a bribe was given for performance of legislative acts, but they *may not* prosecute or inquire about whether those legislative acts were actually performed. *Brewster,* 408 U.S. at 527. The line has been clear for decades—inquiry or prosecution over legislative drafting, voting, debating and deliberating are absolutely barred. *Helstoski*, 442 U.S. at 488. "Revealing information as to a legislative act—speaking or debating—to a jury would subject a Member to being 'questioned' in a place other than the House or Senate, thereby violating the explicit prohibition of the Speech or Debate Clause." *Id.* at 490.

In *United States v. Johnson*, the Supreme Court vacated the conviction of Johnson for straightforward violations of the Speech or Debate Clause on the face of an indictment. *United States v. Johnson*, 383 U.S. 169, 173 (1966). The *Johnson* court reviewed whether it was permissible for the Department of Justice to include in its indictment claims that a congressman gave a speech in the House of Representatives that was improperly motivated by a conspiracy with a loan company. *Id.* The *Johnson* court ruled that prosecutors could not pursue parts of the

6

indictment regarding a speech in the House of Representatives because the Speech or Debate Clause precluded any allegations along with any evidence at trial about legislative acts. *Id.* It was not just the introduction of evidence which violated the Speech or Debate Clause: "The attention given to the speech's substance and motivation was not an incidental part of the Government's case" because the whole prosecution case was "infected" by the reliance on the motivation behind legislative acts which were protected by the Speech or Debate Clause. *Id.* at 176–77. "We hold that a *prosecution* under a general criminal statute dependent on such inquiries necessarily contravenes the Speech or Debate Clause." *Id.* at 185 (emphasis added). The Supreme Court remanded for a new trial that was "wholly purged of elements offensive to the Speech or Debate Clause." *Id.*

Following *Johnson*, *Gravel* and *Brewster*, the Supreme Court further clarified the ambit of protections under the Speech or Debate Clause in *United States v. Helstoski*, 442 U.S. 477, 489 (1979). The *Helstoski* Court determined that there is no exception to the Clause to permit proof of motive or some other purpose. *Id.* The protection of the clause is far broader than just prohibiting the introduction of evidence, it protects congressman from even being "questioned" about their legislative acts. *Id.* at 489. "The Clause does not simply state, 'No proof of a legislative act shall be *offered*'; the prohibition of the Clause is far broader." *Id.* The bar is absolute, because the clause secures for every congressman an "'*exemption*

7

from prosecution, for everything said or done by him, as a representative, in the exercise of the functions of that office." *Id.* at 491 (emphasis in original). "The English and American history of the privilege suggests that any lesser standard would risk intrusion by the Executive and the Judiciary into the sphere of protected legislative activities." *Id.*

Appellate and district courts have not equivocated over the "sweeping and awesome" protections the Speech or Debate Clause provides to legislative acts. The Ninth Circuit summarized the protections as threefold: 1) the Government would be barred by the Clause from prosecuting a congressman for a legislative act 2) the government would be precluded from compelling a congressman or his aides at "trials or grand jury proceedings" about that conduct; and 3) evidence of those acts could not be introduced to any jury, grand or petit. *United States v. Renzi*, 651 F.3d 1012, 1020 (9th Cir. 2011). "The scope of the Speech or Debate Clause is sweeping and awesome. Once the threshold test for the application of that clause is met, its authority and immunity is absolute." *In re Grand Jury Investigation of Ven-Fuel*, 441 F. Supp. 1299, 1305 (M.D. Fla. 1977).

The protection of the Speech or Debate Clause is so sacrosanct that it can entitle congressmen to interlocutory appeals to review evidence submitted to a grand jury which may have violated the clause. *See United States v. Rostenkowski*, 59 F.3d 1291, 1300 (D.C. Cir.) (granting interlocutory appeal on speech or debate evidence

presented to grand jury), opinion supplemented on denial of reh'g, 68 F.3d 489 (D.C. Cir. 1995). "[W]e conclude that at least under some circumstances the Speech or Debate Clause prohibits not only reference to protected material on the face of an indictment but also the use of that material before the grand jury." *Id.*

In practice, a court's review of a speech or debate challenge looks at the face of the indictment, and then if necessary, the grand jury record. Facial violations may lead to a dismissal outright, while evidence offered about a reason to believe that Speech or Debate Clause material was offered to the grand jury may lead to a review of the grand jury record. *See Rostenkowski*, 59 F.3d at 1313 (D.C. Cir.) (reviewing the face of indictment and reviewing whether there is reason to believe that Speech or Debate information was presented to the grand jury); *United States v. Jefferson*, 546 F.3d 300, 306 (4th Cir. 2008) (reviewing whether there is a reason to believe that speech or debate materials were presented to grand jury and reviewing grand jury record for such materials).

A successful facial challenge ends the inquiry, a prosecution may not proceed when it alleges essential facts concerning legislative acts. *Johnson*, 383 U.S. at 173; *Helstoski*, 442 U.S. at 488. A facial challenge to an indictment violative of the Speech or Debate Clause can be successful even when the indictment only indirectly puts into question past legislative acts. "Since proof of materiality, an element of an offense under s 1623, would require introduction of evidence of past legislative acts,

the district court properly dismissed count XI." *United States v. Helstoski*, 635 F.2d 200, 206 (3d Cir. 1980) (affirming dismissal of indictment counts for facial violations of Speech or Debate Clause and grand jury testimony which violated the clause). Even minimal improper references to Speech or Debate protected material can be fatal to an indictment. "This is not because the improper references were so widespread. Rather, it is because evidence of Swindall's legislative acts was an essential element of proof with respect to the affected counts." *United States v. Swindall*, 971 F.2d 1531, 1549 (11th Cir. 1992) (vacating convictions on impermissible counts with prejudice).

The appropriate remedy for a violation of the speech or debate clause on the face of the indictment is dismissal of the indictment. *Johnson*, 383 U.S. at 173; *Helstoski*, 442 U.S. at 488; *Renzi*, 651 F.3d at 1020; *United States v. Helstoski*, 635 F.2d 200, 206 (3d Cir. 1980). Dismissal is required "where the indictment charges a defendant's legislative acts as criminal acts." *United States v. Eilberg*, 465 F. Supp. 1076, 1078 (E.D. Pa. 1979) (citing *Johnson*, 383 U.S. 169). Only in cases when the indictment does not contain facial violations of the Speech or Debate Clause *and* none of the charges are predicated upon proof of protected legislative acts may a prosecution move forward without reindictment, but with speech or debate limitations on admissible evidence. *See Brewster*, 408 U.S. at 525; *Fields v. Off. of Eddie Bernice Johnson*, 459 F.3d 1, 14 (D.C. Cir. 2006).

In sum, no matter how inconvenient it is, a prosecutor must not present evidence of legislative acts to a grand jury, allege them in an indictment, or offer proof to a petit jury. "All that is required is that in presenting material to the grand jury the prosecutor uphold the Constitution and refrain from introducing evidence of past legislative acts or the motivation for performing them." *United States v. Helstoski*, 635 F.2d 200, 206 (3d Cir. 1980). To see how a prosecution of a congressman can avoid Speech or Debate Clause material, it is edifying to look at the recent prosecution brought by the same division of the Department of Justice against Senator Menendez, which carefully steered clear of Speech or Debate Clause violations. *United States v. Menendez*, 132 F. Supp. 3d 610, 621 (D.N.J. 2015), aff'd, 831 F.3d 155 (3d Cir. 2016).

### III.   ANALYSIS

A.   <u>The Indictment Impermissibly Includes Sixteen Predicate Act Allegations Which Violate the Speech or Debate Clause</u>

There are at least sixteen glaring violations of the Speech or Debate Clause within the government's indictment of Congressman Cuellar. Dkt. No. 1 ¶ 45, 83. Those sixteen alleged predicate acts also inform other paragraphs in the indictment and are incorporated by reference in substantive counts throughout the indictment. Dkt. No. 1 ¶¶ 86, 93, 95, 96, 97, 98, 100, 101, 102, 111, 115 and 120. The predicate acts identified concern communications about what words the Congressman would place in bills before the House, ¶ 45(a), talking points for legislative debate of a

11

potential amendment to a bill in the House, ¶ 45(b), the Congressman's thoughts on a bill he was working on in the House, ¶ 45(c), the Congressman's staff's efforts to solicit input on a House report, ¶ 45(d), the Congressman's review and deliberations on language in a House report, ¶ 45(d), the text of a speech the Congressman intended to give on the floor of the House, ¶ 45(e), The Congressman's submission of language related to a House measure, ¶ 45(g), the Congressman's deliberations on an amendment to a House bill, ¶ 45(h), the Congressman's thoughts on a resolution under consideration by a House committee, ¶ 45(j), the Congressman's communications about an amendment to a bill, ¶ 45(k), the Congressman's work regarding a matter before his committee. ¶ 45(l), the Congressman's thoughts on an amendment to a House bill, ¶ 45(m), the Congressman's deliberations on a House report that was under his consideration, ¶ 83(b), the Congressman's deliberations on amendments to bills in the House, ¶ 83(c), the Congressman's staffs' communications on a bill under consideration by the House which the Congressman had been asked to co-sponsor, ¶ 83(d), the Congressman's discussions about a bill he intended to carry in the House and his meetings with another congressman on the matter, ¶ 83(f).

These are facial violations that must not be included in an indictment of a member of congress because they concern proof of legislative acts—acts "generally done in Congress in relation to the business before it." *See Brewster*, 408 U.S. 501,

12

512 (1972). They are allegations concerning acts that are at the core of every congressman's responsibility. *See Gravel*, 408 U.S. at 625. The allegations concern proof "of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House." *Id*. Just as in *Johnson*, these legislative acts and the motivations for them may not be inquired into under awesome power of the Speech or Debate Clause of the United States Constitution. *See Johnson*, 383 U.S. at 176; *Helstoski*, 442 U.S. at 489. All the identified paragraphs would impermissibly require a showing of the "deliberative and communicative process" behind "how [a legislator] acted, voted, or decided" *See Gravel*, 408 U.S. at 625; *Helstoski*, 442 U.S. at 489.

It is not simply that the government must avoid showing proof of the legislative act, Congressman Cuellar is protected from an indictment based on these predicate legislative acts. "The Clause does not simply state, 'No proof of a legislative act shall be *offered*'; the prohibition of the Clause is far broader." *Helstoski*, 442 U.S. at 489. The bar is absolute, because the clause secures for every congressman an "'*exemption* from prosecution, for every thing said or done by him, as a representative, in the exercise of the functions of that office." *Id.* at 491 (emphasis in original).

Arguments that the offending paragraphs are about communications regarding plans to make a legislative act and not a legislative act itself are unavailing. The Supreme Court has made clear that such a distinction cannot be drawn and that the clause sweeps broadly enough to encompass the "deliberative and communicative processes" for each member's consideration of measures before the House. *See Gravel*, 408 U.S. at 625. The clause's prohibition is absolute and there is no exception that would allow these paragraphs to be included in the indictment. *See Helstoski*, 442 U.S. at 489. An illegal promise to perform a legislative act is not a legislative act, but a promise to perform is not what is alleged in the above paragraphs. *See id.* The paragraphs above are about communications and deliberations regarding how the Congressman actually carried out his legislative duties. *See id.*

These violations are not a close line drawing issue where the allegations indirectly require proof of "legislative acts" or where non legislative activities are intertwined with non-legislative acts. *See Fields*, 459 F.3d at 14; *Menendez*, 132 F. Supp. 3d at 621. Finally, this is not a case where the legislative acts involved are somehow not essential to the *prima facie* case against the Congressman so that the indictment can move forward with the offending paragraphs stricken. Paragraphs 45, 83, 86, 93, 95, 96, 97, 98, 100, 101, 102, 111, 115 and 120 are alleged as predicate acts which claim these legislative acts are criminal acts under the criminal codes of

14

bribery, (18 U.S.C. §§ 201(b) & 2), fraud, (18 U.S.C. § 1349) conspiracy, (18 U.S.C. § 371), and Foreign Agents Registration Act, (18 U.S.C. §§ 219 & 2). Therefore, the prosecution has alleged that legislative acts were criminal acts. *See* Dkt. No. 1 ¶¶ 45, 83, 86, 93, 95, 96, 97, 98, 100, 101, 102, 111, 115, 120. Dismissal of an indictment is required "where the indictment charges a defendant's legislative acts as criminal acts" as it is here. *See Johnson*, 383 U.S. at 176; *Eilberg*, 465 F. Supp. at 1078.

Although continued Speech or Debate Clause analysis is not necessary when proof of a facially invalid indictment is shown, further review demonstrates how this constitutional violation runs straight to the core of the indictment. Because a facial speech or debate violation has been shown in the indictment, there is also a reason to believe that the grand jury was presented with evidence in support of those paragraphs. *See Rostenkowski*, 59 F.3d at 1313 (D.C. Cir.); *Jefferson*, 546 F.3d at 306. If the grand jury was shown speech or debate evidence regarding any one of those paragraphs, the indictment is impermissibly tainted by a constitutional violation, and it cannot survive. *Brewster*, 408 U.S. 501; *Renzi*, 651 F.3d at 1020; *Swindall*, 971 F.2d at 1539; *United States v. Helstoski*, 635 F.2d 200, 205 (3d Cir. 1980).

The prosecutors filed an indictment that invaded the awesome power of Article 1, section 6, of the United States Constitution because it alleges that

15

legislative acts are criminal predicate acts. These predicate acts are inextricably tied into the indictment and give reason to believe grand jury violations occurred. *See* Dkt. No. 1 ¶¶ 45, 83, 86, 93, 95, 96, 97, 98, 100, 101, 102, 111, 115, 120. The government may not proceed further on an indictment that is so infected. *See Johnson*, 383 U.S. at 176; *Brewster*, 408 U.S. at 525; *Gravel*, 408 U.S. at 625.

## CONCLUSION

For the aforementioned reasons, Congressman Cuellar asks the Court to find that the indictment herein violates Article 1 Section 6 of the United States Constitution and to dismiss the indictment due to that infirmity. Congressman Cuellar also moves for the Court to order the government to disclose the grand jury record of the indictment for review of Speech or Debate violations.

Respectfully submitted,

FLOOD & FLOOD

*/s/ Chris Flood*
Chris Flood
Email: chris@floodandflood.com
State Bar No. 07155700
Federal I.D. No. 9929

Charles Flood
Email: charles@floodandflood.com
State Bar No. 00798178
Federal I.D. No. 22508

*/s/* Stephen D. Dockery
State Bar No. 24120265
Email: stephen@floodandflood.com
914 Preston, Ste. 800
Houston, Texas 77002
713-223-8877
713-223-8877 fax


Eric Reed
The Reed Law Firm, PLLC
State Bar No. 00789574
Federal I.D. No. 17904
912 Prairie St., Suite 100
Houston, Texas 77002
713-600-1800
713-600-1840 fax

***ATTORNEYS FOR ENRIQUE ROBERTO "HENRY" CUELLAR***

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Chris Flood*
Chris Flood