Case 4:24-cr-00224 Document 69 Filed on 02/03/25 in TXSD Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
February 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § v. § § ENRIQUE ROBERTO "HENRY" § CUELLAR and IMELDA RIOS § CUELLAR, § § Defendants. § | No. 4:24-cr-224 |

### PROTECTIVE ORDER CONCERNING CLASSIFIED INFORMATION

The government has filed an agreed motion for a protective order concerning classified information. Under the authority granted under Federal Rules of Criminal Procedure 16 and 57, Section 3 of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3, the Revised Security Procedures established by the Chief Justice of the United States under CIPA § 9(a), and the Court's inherent supervisory powers, and to protect the national security, the following protective order is entered:

1. The Court has been advised by counsel for defendant Enrique Roberto "Henry" Cuellar that Mr. Cuellar has or had access to classified information by virtue of his position in Congress and that Mr. Cuellar reasonably believes he might need to discuss that information with his counsel to prepare his defense in this case. The Court has been advised by the assigned Classified Information Security Officer, Winfield S. "Scooter" Slade, that Mr. Cuellar's counsel have applied for security clearances for this case. The storage, handling, and control of this classified information will require special security precautions mandated by statute, executive order, and regulation, and access to this information requires appropriate security clearances and

1

need-to-know, as set forth in Executive Order 13526 (or any successor order), that has been validated by the government. The purpose of this order is to establish procedures that must be followed by counsel and the parties in this case. These procedures will apply to all pre-trial, trial, post-trial, and appellate matters concerning classified information. These procedures can be modified by further order of the Court under its inherent supervisory authority to ensure a fair and expeditious trial.

2. **Definitions**. The following definitions shall apply to this order:

a. "Defense" or "defense team" refers collectively to defendant Enrique Roberto "Henry" Cuellar, his counsel of record in this case, and any support staff assisting his counsel.

b. "Classified information" includes:

i. Any document, recording, or information that has been classified by any Executive Branch agency in the interests of national security pursuant to Executive Order 13526, as amended, or its predecessor or successor orders, as "CONFIDENTIAL," "SECRET," "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION" (SCI);

ii. Any document, recording, or information now or formerly in the possession of a private party that (A) has been derived from information that was classified by the United States Government, and/or (B) has been classified by the United States Government as set forth above;

iii. Verbal or other unwritten or unrecorded information known to the defendant or the defense team that has been classified by the United States Government as set forth above;

    iv. Any information, regardless of its origin, that the defense knows or reasonably should know contains classified information, including information acquired or conveyed orally; and

    v. Any document, recording, or information as to which the defense has been notified orally or in writing contains classified information.

  c. "Document," "materials," and "information" include, but are not limited to:

    i. all written, printed, visual, digital, electronic, or audible matter of any kind, formal or informal, including originals, conforming copies, and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), as well as metadata;

    ii. notes (handwritten, oral, or electronic); papers; letters; correspondence; memoranda; reports; summaries; photographs; maps; charts; graphs; inter-office communications; notations of any sort concerning conversations, meetings or other communications; bulletins; teletypes; telecopies; telegrams; telexes; transcripts; cables; facsimiles; invoices; worksheets and drafts; microfiche; microfilm; videotapes; sound recordings of any kind; motion pictures; electronic, mechanical or electric records of any kind, including but not limited to tapes, cassettes, disks, recordings, films, typewriter ribbons, word processing or other computer tapes, disks, or thumb drives and all manner of electronic data processing storage; and alterations, modifications, changes and amendments of any kind to the foregoing; and

    iii. information obtained orally.

  d. "Access to classified information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner classified information.

3

e.     "Secure Area" means an environment or setting approved by a designated Classified Information Security Officer (CISO) for the appropriate storage, handling, and control of classified information.

### Classified Information

3.     All classified documents, and all classified information contained in those documents, shall remain classified unless the documents bear a clear indication that they are not classified or have been declassified by the agency or department that originated the document or information contained in the document.

4.     All access to classified information shall conform to this order and the memorandum of understanding attached to this order.

5.     Mr. Cuellar is permitted to disclose classified information that Mr. Cuellar reasonably believes is necessary to prepare his defense to members of the defense team who have an active, appropriate security clearance and who have signed the attached memorandum of understanding. Any classified information provided to the defense team by Mr. Cuellar shall be used solely for the purpose of preparing the defense. The defense team shall not disclose or cause to be disclosed in connection with this case any information known or reasonably believed to be classified information except as otherwise provided in this order.

6.     Any classified information that Mr. Cuellar discloses to or discusses with the defense team in any way shall be handled in accordance with this order and the attached memorandum of understanding, including the requirement to confine all discussions, documents, and materials to a Secure Area.

7.     The defense team and Mr. Cuellar shall not disclose classified information to any person, except to the Court, government personnel who hold appropriate security clearances and

4

have been determined to have a need-to-know that information, and those specifically authorized to access that information under this order.

8.      Information that is classified that also appears in the public domain is not thereby automatically declassified unless it appears in the public domain as the result of an official statement by a U.S. Government Executive Branch official who is authorized to declassify the information. Individuals who, by virtue of this order or any other court order, are granted access to classified information shall not confirm or deny to any other person classified information that appears in the public domain. Before any attempt by the defense to have such information confirmed or denied at trial or in any public proceeding in this case, the defense must comply with the notification requirements of CIPA § 5 and all provisions of this order.

9.      If classified information enters the public domain, the defense shall not make private or public statements that would reveal personal knowledge from non-public sources regarding the classified status of the information or that would disclose that the defense had personal access to classified information confirming, contradicting, or otherwise concerning the information. If there is any question as to whether information is classified, the defense must handle that information as though it is classified unless counsel for the government or the CISO confirms that it is not classified.

**Security Procedures**

10.     In accordance with CIPA and the Revised Security Procedures established by the Chief Justice of the United States under CIPA § 9(a), the Court has designated Mr. Slade as the CISO for this case, and Jennifer H. Campbell, Daniel O. Hartenstine, Daniella M. Medel, Matthew W. Mullery, and Harry Rucker as alternate CISOs if Mr. Slade is unavailable. Order, May 20,

2024, ECF No. 41. The defense shall seek guidance from the CISO concerning the appropriate storage, handling, transmittal, and use of classified information.

11. **Protection of Classified Information.** Any members of the defense team with an appropriate security clearance to whom classified information has been disclosed under this order has a continuing contractual obligation to the government not to disclose to any unauthorized person classified information known to him or her or in his or her possession. The government is entitled to enforce that agreement to maintain the confidentiality of classified information. In addition, Mr. Cuellar is subject to this Court's authority, contempt powers, and other authorities, and shall fully comply with this order and applicable statutes.

12. **Memorandum of Understanding**. Any member of the defense team with whom Mr. Cuellar wishes to discuss classified information that he reasonably believes is necessary to prepare his defense must first sign the attached memorandum of understanding. The signed memorandum of understanding shall be filed with the Court, with a copy served on the government. The execution and filing of the memorandum of understanding is a condition precedent for any member of the defense team to have access to classified information. The substitution, departure, or removal for any reason from this case of Mr. Cuellar's counsel or any other member of the defense shall not release that individual from the provisions of this order or the memorandum of understanding executed in connection with this order.

13. **Restrictions on Disclosure to Other Persons**. Any additional persons whose assistance the defense reasonably requires in this case shall not have access to classified information unless they first are granted an appropriate security clearance through the CISO, obtain approval from this Court with prior notice of the identity of the additional persons to

government counsel, and satisfy the other requirements described in this order for access to classified information.

14.     **Need-To-Know Required.** An individual who receives classified information is not automatically authorized to disclose that classified information to any other individual, even if that other individual also has a security clearance. Instead, any individual who receives classified information must not disclose that information except to an individual who has been determined by an appropriate government entity to have both the required security clearance and a need-to-know the information.

15.     **Access to Classified Information.** To protect national security, members of the defense granted access to classified information shall have access to classified information only as follows:

    a.     All classified information possessed, created, or maintained by the defense, including notes and any other work product, cannot be stored, maintained, or used in any location except the Secure Area established by the CISO, unless otherwise authorized by the CISO.

    b.     No member of the defense team shall copy or reproduce any classified information in any manner or form, except with the approval of the CISO and in accordance with the procedures established by the CISO for the operation of the Secure Area.

    c.     All documents prepared by the defense, including pleadings or other documents intended for filing with the Court, that contain or might contain classified information must be prepared in the Secure Area on word processing equipment approved by the CISO. All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits, thumb drives, discs, CDs, DVDs, exhibits, and electronic or digital copies) that contain or might contain classified information shall be maintained in the Secure Area

unless and until the CISO determines that these documents or associated materials are unclassified in their entirety.

    d.  The defense shall not discuss classified information in any location except within the Secure Area or in an area authorized by the CISO.

    e.  The defense shall not disclose, without prior approval of the Court, classified information to any person not named in this order except to the Court, Court personnel, and government personnel identified by the CISO as having the appropriate clearances and the need-to-know. Notwithstanding any joint defense agreement, joint defense privilege, or common interest privilege, the defense shall not disclose classified information to any other defendant, witness, or interested person or their counsel. Government counsel shall be entitled an opportunity to be heard in response to any defense request to disclose classified information to a person not identified in this order. Any person approved by this Court for access to classified information under this paragraph must obtain the appropriate security clearance, sign and file the attached memorandum of understanding, and comply with all requirements of this order. The defense shall not disclose classified information, even to an individual with the appropriate security clearance, without following the procedures in paragraph 13.

    f.  The defense shall not discuss classified information over any standard commercial telephone instrument or office communication systems, including but not limited to the Internet and email, or in the presence of any person who has not been granted access to classified information by the Court.

    g.  Any transcribing, recording, typing, duplicating, copying, or otherwise preparing of any documents written by the defense that contain or might contain classified

information must be performed by members of the defense team with an appropriate security clearance who have been approved by this Court for access to classified information.

16. **Secure Area for the Defense.** The CISO shall establish procedures to make a Secure Area available to the defense during business hours and at other times on reasonable request as approved by the CISO in consultation with the Court and United States Marshals Service. The Secure Area shall contain a working area for the defense and will be outfitted with any secure office equipment requested by the defense that is reasonable and necessary to the preparation of the defense. The CISO, in consultation with Mr. Cuellar's counsel, shall establish procedures to ensure that the Secure Area is maintained and operated in the most efficient manner consistent with the protection of classified information and in compliance with security requirements. No classified documents, material, recordings, or other information shall be removed from the Secure Area unless authorized by the CISO. The CISO shall not reveal to the government the content of any conversations he hears among the defense or reveal the nature of the documents reviewed or the work generated. The CISO's presence shall not render the attorney-client privilege inapplicable.

17. **Filing of Papers by the Defense.** Any pleading or other document filed by the defense that Mr. Cuellar's counsel knows or reasonably should know contains classified information shall be filed as follows:

    a. The document shall be filed under seal with the CISO or an appropriately cleared designee and shall be marked "Filed in Camera and Under Seal with the Classified Information Security Officer." The time of physical submission to the CISO or an appropriately cleared designee shall be considered the date and time of filing and shall occur no later than 4:00 p.m. Within a reasonable time after submitting the filing to the CISO, the defense shall file

on the public docket a "Notice of Filing" indicating that the submission was made to the CISO. The notice shall contain only the case caption and an unclassified title of the filing.

   b. The CISO or an appropriately cleared designee shall promptly examine the pleading or document and, in consultation with representatives of the appropriate departments or agencies, determine whether the pleading or document contains classified information. If the pleading or document contains classified information, the CISO shall ensure that the document is marked with the appropriate classification marking and remains under seal. The CISO shall promptly deliver under seal to the Court and counsel for the government any pleading or document filed by the defense containing classified information, unless the pleading or document is an ex parte filing.

  18. **Record and Maintenance of Classified Filings**. The CISO shall maintain a separate sealed record for filings in this case containing classified information for purposes of later proceedings or appeal.

  19. **The Classified Information Procedures Act**. The defense shall comply with the requirements of CIPA § 5 before disclosing or seeking to disclose classified information during any proceeding in this case. As set forth in CIPA § 5, the defense shall not disclose any information known or reasonably believed to be classified in connection with any proceeding until appropriate notice has been given to government counsel, the government has been afforded a reasonable opportunity to seek a determination under CIPA § 6, and the time for the government to appeal any adverse determination under CIPA § 7 has expired or any appeal under § 7 has been decided. To protect the national security, pretrial conferences involving classified information shall be conducted in camera and attended only by persons with approved access to classified information and a need-to-know, and the transcripts of such proceedings shall be maintained under seal.

20. **Potential Consequences of Unauthorized Disclosure.** Any unauthorized disclosure or mishandling of classified information could constitute a violation of federal criminal law. In addition, any violation of this order shall be brought immediately to the Court's attention and could result in a charge of contempt of Court and possible referral for criminal prosecution. Any violation of this order could also result in termination of an individual's access to classified information. Persons subject to this order are advised that direct or indirect unauthorized disclosure, retention, or handling of classified documents or information could cause serious damage, and in some cases exceptionally grave damage, to the national security of the United States, or could be used to the advantage of a foreign nation against the interests of the United States. The purpose of this order is to ensure that those authorized to receive classified information in connection with this case will never divulge that information to anyone not authorized to receive it.

21. All classified documents and information to which the defense has access in this case are now and will remain the property of the United States. Upon demand of the CISO, all persons shall return to the CISO all classified information in their possession for which they are responsible because of access to classified information. Any notes, summaries, and other documents prepared by the defense that contain or might contain classified information shall remain in the custody of the CISO for the duration of the case. At the conclusion of this case, including any appeals or ancillary proceedings, all such notes, summaries, and other documents shall be destroyed by the CISO in the presence of Mr. Cuellar's counsel if they choose to be present.

22. Nothing in this order shall be construed as a waiver of any right of the defendant.

11

23. Mr. Cuellar's counsel shall be responsible for advising Mr. Cuellar and the defense team of the requirements of this order.

It is so ordered.

Signed: _Feb. 3_, 2025
Houston, Texas

_____
Hon. Lee H. Rosenthal
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | No. 4:24-cr-224 |
| **v.** § | |
| § | |
| **ENRIQUE ROBERTO "HENRY"** § | |
| **CUELLAR and IMELDA RIOS** § | |
| **CUELLAR,** § | |
| § | |
| **Defendants.** § | |

### MEMORANDUM OF UNDERSTANDING CONCERNING RECEIPT OF CLASSIFIED INFORMATION

I have familiarized myself with the applicable statutes, regulations, and orders, including but not limited to, Title 18, United States Code, sections 793, 794, 798, and 1924; the Intelligence Identities Protection Act, Title 50, United States Code, Section 3121; Title 18, United States Code, Section 641; Title 50, United States Code, Section 783; and Executive Order 13526. I understand that I might be the recipient of information and documents that concern the present and future security of the United States and that belong to the United States, and that such documents and information together with the methods and sources of collecting it are classified by the United States Government. In consideration for the disclosure of classified information and documents:

1.  I agree that I shall never divulge, publish, or reveal, either by word, conduct, or any other means, such classified documents and information unless specifically authorized in writing to do so by an authorized representative of the United States Government or as expressly authorized by the Court pursuant to the Classified Information Procedures Act and the protective order concerning classified information entered in *United States v. Enrique Roberto "Henry"*

1

*Cuellar et al.*, docket entry _67_, case number 4:24-cr-224, in the United States District Court for the Southern District of Texas.

2. I agree that this memorandum will remain forever binding on me.

3. I have received, read, and understand the protective order concerning classified information entered in *United States v. Enrique Roberto "Henry" Cuellar et al.*, case number 4:24-cr-224, in the United States District Court for the Southern District of Texas, and I agree to comply with its provisions.

4. I understand that any prior contractual obligations that might bind me to continue to protect classified information remain in full force and effect and are not superseded by this memorandum of understanding. Additionally, I understand that this memorandum of understanding does not absolve me of any criminal or civil penalties that could otherwise be imposed upon me for the unauthorized disclosure of classified information.

Signed: _[signature]_

Printed name: _Nicole Boeckmann_

Date: _5/13/2025_