United States District Court
Southern District of Texas
**ENTERED**
June 30, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-24-cr-224 |
| § | |
| ENRIQUE ROBERTO "HENRY" § | |
| CUELLAR and IMELDA RIOS § | |
| CUELLAR, § | |
| § | |
| Defendant. § | |

**ORDER**

The government moves the court for an order requiring the defendants, Henry and Imelda Cuellar, to provide advance notice of their intent to assert a defense that they lacked the requisite intent to violate the law because they relied on advice from counsel or from the U.S. House of Representatives Committee on Ethics. (Docket Entry No. 85). The government also asks the court to order the defendants to produce: (1) the identity of the attorneys or other authorities who provided the advice relevant to this defense; (2) all documents that they intend to rely on in support of this defense; and (3) any other documents relating to this defense, by August 8, 2025. The defendants are opposed. (Docket Entry No. 95).

"Strictly speaking, good faith reliance on advice of counsel is not really a defense to an allegation . . . but is the basis for a jury instruction on whether or not the defendant possessed the requisite specific intent." *United States v. Pettigrew*, 77 F.3d 1500, 1520 (5th Cir. 1996). The parties agree that a defendant's reliance on the advice of counsel or of another relevant authority is not a defense to criminal charges. (*See* Docket Entry No. 85 at 5; Docket Entry No. 2). The parties also agree that the Federal Rules of Criminal Procedure do not specifically require

defendants to provide pretrial notice of an advice-of-counsel defense. (Docket Entry No. 85 at 7; Docket Entry No. 95 at 1-2). The government concedes that the defense could apply only to some, but not all, of the charges against the defendants. (*Id.* at 5, n.1).[1]

When a defendant asserts an advice-of-counsel defense at trial, evidence as to the defendant's consultation with an attorney may become relevant and admissible. *See, e.g., United States v. Krenning*, 93 F.3d 1257, 1265 n.11 (5th Cir. 1996). Because the elements of the advice-of-counsel defense depend on the substance of the communications between a defendant and his lawyer, asserting the defense waives the privilege as to those communications. *See United States v. Hagen*, 542 F. Supp. 3d 515, 518 (N. D. Tex. 2021); *see also Ward v. Succession of Freeman*, 854 F.2d 780, 787–88 (5th Cir. 1988). Depending on the facts, district courts in this circuit have required, or declined to require, pretrial notice of the advice-of-counsel defense, underscoring the discretion the court has to decide this issue.

The government makes three arguments for requiring advance notice of the defendants' intent to assert an advice of counsel defense. First, pretrial notice of the defense is necessary to identify evidentiary issues and give the government time to raise them, have the defendants respond, and allow time for the court to resolve them before trial. (Docket Entry No. 85 at 8). The government seeks notice of the advice-of-counsel defense before the August 22, 2025, motions in limine deadline to allow issues related to the defense to be resolved without delaying or interrupting the trial. (*Id.*). Second, pretrial notice of the advice-of-counsel defense is necessary to conduct timely discovery into what would otherwise be privileged matters relevant to the defense. (*Id.*). Because the defense has not yet been formally asserted, the government has not

---

[1] The defense would only be applicable to the specific-intent crimes that the defendants are charged with, not to crimes requiring only general intent, such as those alleged in Counts 4 and 8 of the indictment. (*Id.*).

2

sought otherwise privileged information relevant to the defense. (*Id*.). If the defendants assert the defense, waiving the privilege, the government will seek discovery of the communications or other evidence that the defendants intend to use to establish the defense. The government will also seek discovery of otherwise-privileged communications that the defendants may not intend to use at trial but are relevant to disproving or undermining reliance on the advice-of-counsel defense. (*Id*. at 8-9). Finally, the government argues that pretrial notice will minimize the chances of mid-trial delays, including collateral litigation over privilege. (*Id*.). As an example, the government notes that it may be unclear whether the attorney-client privilege over certain communications are held by one or both of the defendants. (*Id.* at 9). The court may have to resolve disputes over who has the privilege, who can waive the privilege, and whether one defendant can rely on evidence protected by another's privilege. (*Id*.). These disputes have the potential to interrupt and delay the trial if not resolved earlier.

The defendants argue that the "court should not create a requirement for the Defendants to assist the government in their prosecution beyond what is required in the plain text of the federal rules." (Docket Entry No. 95 at 4). The defendants also argue that pretrial notice is unnecessary because the government knows that the defendants may invoke the defense of reliance on advice of counsel and knows the firms and government offices that are the source of the advice and the individuals knowledgeable about the communications at issue. (*Id*.). Finally, the defendants assert that the government's filter team already has the defendants' privileged documents and will be able to quickly and efficiently review those documents if privilege is waived at trial. (*Id*.).

The defendants argue that requiring them to produce, before trial, any documents relied on in asserting the advice-of-counsel defense would be more burdensome than having them produced at trial. (*Id*. at 6). Citing *United States v. Ray*, No. 20-CR-110 (LJL), 2021 WL 5493839 (S.D.N.Y.

3

Nov. 22, 2021), the defendants argue that requiring them to waive the attorney-client privilege as to documents that they may never introduce at trial would be prejudicial. (*Id.*). The defendants ask that if the court orders pretrial notice and production, the court should also take steps to avoid waiver of the attorney-client privilege until one of the defendants presents evidence of reliance on legal advice. The defendants ask the court to: (1) order that disclosures of privileged material made at the court's direction do not waive the privilege in this or any other federal or state proceeding; (2) prohibit the use of any attorney-client privileged documents at trial until a defendant unequivocally invokes the defense at trial; and (3) order reciprocal discovery from the government about the information it has pertaining to the defense. (*Id.* at 7).

The motion, response, and reply raise two issues: (1) the defendants' concern that requiring pretrial notice and production would force them to disclose privileged information and aid the government's prosecution; and (2) the government's desire to avoid complex collateral litigation, potentially involving third parties, in the middle of trial. The "disclosure of confidential communications with counsel is a consequential event." *Ray*, 2021 WL 5493839, at *6. At the same time, collateral litigation over privileged documents at trial risks interrupting and delaying a lengthy and complex jury trial estimated to take over five weeks.

The best solution is to order the defendants to provide notice of their intention to assert the advice-of-counsel defense by August 8, 2025. At that time, the defendants must also produce the documents that the defendants know they will rely on in asserting that defense.

SIGNED on June 30, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

4