UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § |
| v. | § § No. 4:24-cr-224 |
| ENRIQUE ROBERTO "HENRY" CUELLAR AND IMELDA RIOS CUELLAR | § § § § |
| Defendants. | § § § |

**GOVERNMENT'S MOTION TO DISMISS COUNTS AND STRIKE ALLEGATIONS RELATING TO 18 U.S.C. § 219**

Pursuant to Federal Rule of Criminal Procedure 48(a), the United States respectfully moves, based on an exercise of its prosecutorial discretion, to dismiss Counts Four and Eight of the Indictment, which charge the defendants with violating the prohibition on public officials acting as agents of a foreign principal in violation of 18 U.S.C. §§ 219 & 2, and to strike allegations relating to § 219 from the remaining Counts of the Indictment (to include removing the § 219 object of the conspiracies charged in Counts One and Five, and the use of § 219 as a predicate for the money laundering offenses charged in Counts Nine through Fourteen). The government is prepared to proceed to trial on the remaining counts, objects, and predicates as charged in the proposed redacted Indictment (Ex. 1) on September 22, 2025.

Section 219 was enacted in 1966 as an amendment to the Foreign Agents Registration Act (FARA) and incorporates certain provisions of FARA by reference. *See* ECF No. 99, at 4–6. On February 5, 2025, the Attorney General issued a policy memorandum directing that "[r]ecourse to criminal charges under the Foreign Agents Registration Act (FARA) . . . shall be limited to instances of alleged conduct similar to more traditional espionage by foreign government actors." Office of Attorney General, Memorandum, General Policy Regarding Charging, Plea

1

Negotiations, and Sentencing, at 4 (Feb. 5, 2025), *available at* https://www.justice.gov/ag/media/1388541/dl?inline.  The Department has determined that, for this particular case, the § 219-related counts and allegations should be dismissed or stricken pursuant to the Attorney General's February 5, 2025 Memorandum.

Rule 48(a) provides that the "government may, with leave of court, dismiss an indictment, information or complaint." Fed. R. Crim. P. 48(a).  "The primary intent of the 'leave of court' requirement is to 'protect the defendant against prosecutorial harassment.'" *United States v. Jones*, 664 F.3d 966, 973 (5th Cir. 2011) (quoting *United States v. Hamm*, 659 F.2d 624, 628 (5th Cir. 1981) (en banc)).  The Fifth Circuit has explained, "[t]he Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated.  The exercise of its discretion with respect to termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest." *United States v. Salinas*, 693 F.2d 348, 351–52 (5th Cir. 1982) (quoting *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975)).  Here, the government's motion is based on the application of the Justice Department's stated enforcement priorities to the facts of this particular case and the exercise of discretion regarding use of prosecutorial resources.  Therefore, the government's motion is not "clearly contrary to manifest public interest." *Id.*

Accordingly, the government respectfully requests that the Court dismiss Counts Four and Eight of the Indictment and strike the following allegations, as reflected in Exhibit 1:

- Page 1, Caption:  Strike "18 U.S.C. § 219 (Public Official Acting as an Agent of a Foreign Principal)"
- Page 2, ¶ 1:  Strike "and to act as an agent of the Government of Azerbaijan and Foreign Bank-1"
- Page 4:  Strike ¶¶ 10 and 11
- Page 8, ¶ 25:  Strike "and to act as an agent of the Government of Azerbaijan"

- Page 9, ¶ 29:  Strike "and to act as an agent of the Government of Azerbaijan"

- Page 11, ¶ 40:  Strike "and to act as an agent of the Government of Azerbaijan"

- Page 14, section heading preceding ¶ 45:  Strike "and to Engage in Political Activities"

- Page 14, ¶ 45:  Strike "and to be and act as an agent of the Government of Azerbaijan"; strike "and agency activities as defined under FARA"

- Page 25, ¶ 70:  Strike "and to act as an agent of Foreign Bank-1"

- Page 26, ¶ 74:  Strike "to act as an agent of Foreign Bank-1"

- Page 32, section heading preceding ¶ 83:  Strike "and to Engage in Political Activities"

- Pages 32–33, ¶ 83:  Strike "and to be and act as an agent of Foreign Bank-1"; strike "and agency activities as defined under FARA"

- Page 39:  Strike ¶ 87(b)

- Page 39, ¶ 88:  Strike "and through HENRY CUELLAR acting as an agent of a foreign principal required to register under FARA"

- Page 40, ¶ 93:  Strike "and to be and act as an agent of the Government of Azerbaijan, a foreign principal as defined by FARA"

- Page 45:  Strike ¶ 104(b)

- Page 45, ¶ 105:  Strike "and through HENRY CUELLAR acting as an agent of a foreign principal required to register under FARA"

- Page 46, ¶ 111:  Strike "and to be and act as an agent of Foreign Bank-1, a foreign principal as defined by FARA"

- Page 50, ¶ 122:  Strike "and having a public official be or act as an agent of a foreign principal required to register under FARA in violation of Title 18, United States Code, Section 219"

- Page 51, ¶ 125:  Strike "and having a public official be or act as an agent of a foreign principal required to register under FARA in violation of Title 18, United States Code, Section 219"

The defendants do not object to the government's motion to dismiss Counts Four and Eight but oppose the remainder of the government's motion.

Dated: July 18, 2025                              Respectfully submitted,

EDWARD P. SULLIVAN                                JENNIFER KENNEDY GELLIE
Acting Chief                                      Chief
Public Integrity Section                          Counterintelligence and Export Control Section
Criminal Division                                 National Security Division
U.S. Department of Justice                        U.S. Department of Justice

By: */s/ Celia Choy*                              By: */s/ Garrett Coyle*
Rosaleen O'Gara                                   Garrett Coyle
Celia Choy                                        Attorney for the United States
Aaron L. Jennen
Attorneys for the United States

**CERTIFICATE OF CONFERENCE**

I certify that counsel for the government conferred via email with counsel for Henry and Imelda Cuellar, who indicated that they do not oppose the government's motion to dismiss Counts Four and Eight but oppose the remainder of the government's motion.

/s/ Celia Choy
Celia Choy

**CERTIFICATE OF SERVICE**

I certify that I filed this motion via the CM/ECF system on July 18, 2025, which caused the motion to be electronically served on all counsel of record.

/s/ Celia Choy
Celia Choy