UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § § § § § § § § § |  No. 4:24-cr-224 |
| v. | |
| **ENRIQUE ROBERTO "HENRY" CUELLAR and IMELDA RIOS CUELLAR,** | |
| Defendants. | |

### GOVERNMENT'S RESPONSE TO REP. CUELLAR'S MOTION TO SUPPLEMENT THE RECORD AND FOR STAY PENDING APPEAL

Rep. Cuellar has moved to supplement the record for his interlocutory appeal of the denial of his motion to dismiss under the Speech or Debate Clause. ECF No. 148. The government does not oppose this relief, provided that the grand jury materials under seal in this Court are designated to remain under seal on appeal and that the grand jury materials reviewed ex parte by this Court are provided ex parte to the Fifth Circuit. The government does, however, oppose reconsideration of the denial of the motion to dismiss, the standard for which Rep. Cuellar does not even attempt to satisfy. *See United States v. Fisch*, No. 11-cr-722, 2016 WL 5914953, at *1 (S.D. Tex. Oct. 11, 2016) (Rosenthal, J.).

Rep. Cuellar has also moved to stay all proceedings in this Court pending his interlocutory appeal. ECF No. 148. During the meet and confer, the government's position was that this case should not proceed to trial before the appeal is resolved, but that other matters not involved in the appeal could proceed in this Court. The government's position was based on the normal rule that although "an interlocutory appeal[] 'divests the district court of its control over those aspects of the case involved in the appeal,'" "the district court may still proceed with matters that are not

1

involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740–41 & n.2 (2023) (citation omitted); *accord* Charles Alan Wright & Arthur R. Miller, 16A Federal Practice & Procedure § 3949.1 (5th ed., May 2025 update).

In subsequent legal research, however, the government discovered Fifth Circuit case law indicating that this Court likely lacks jurisdiction over the entire case against Rep. Cuellar, including matters not involved in the appeal:

> [T]he filing of a non-frivolous notice of interlocutory appeal following a district court's denial of a defendant's immunity defense divests the district court of jurisdiction to proceed against that defendant. … "[T]he divestiture of jurisdiction occasioned by the filing of a timely notice of appeal is especially significant when the appeal is an interlocutory one" on an immunity issue.

*Williams v. Brooks*, 996 F.2d 728, 729–30 & n.2 (5th Cir. 1993) (citations omitted).[1] Rep. Cuellar's interlocutory appeal on Speech or Debate Clause grounds thus likely divests this Court of jurisdiction over the case against him until the appeal is resolved.

Nevertheless, the Court retains discretion to issue an "indicative" ruling on motions while the appeal is pending under Federal Rule of Criminal Procedure 37. Rule 37(a) says: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." If the district court indicates that it "would grant the motion," the movant must notify the court of appeals, Fed. R. Crim. P. 37(b), which may, in its

---

[1] Rep. Cuellar cites the four-part standard governing stays pending appeal. ECF No. 148 at 3–4 (citing *Campaign for S. Equal. v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014)). But that standard applies when a party seeks to stay the order being appealed. Here, by contrast, Rep. Cuellar seeks to stay not the order being appealed (the denial of his motion to dismiss), but all other district court proceedings.

discretion, issue a limited remand while retaining jurisdiction over the appeal, Fed. R. App. P. 12.1(b). Once the case is remanded and the district court regains jurisdiction, either on the limited basis contemplated by Rule 12.1(b) or after the disposition of the appeal, it can issue the relief in the indicative ruling.

Here, the Court should exercise its discretion under Rule 37 to issue indicative rulings on two matters. First, the Court should issue indicative rulings on the pending motions under the Classified Information Procedures Act (CIPA): Rep. Cuellar's CIPA § 5 notice and classified discovery requests (*see* ECF No. 143) and the government's motion to strike the CIPA § 5 notice and for a protective order denying the classified discovery requests (*see* ECF No. 147). These motions are fully briefed, and the ex parte hearings on the motions — which require additional planning and coordination with the Classified Information Security Officer — are scheduled for October 10. ECF No. 134. The burden of continuing to litigate these CIPA issues is thus minimal. Also, these CIPA issues are not involved in the interlocutory appeal, so an indicative ruling would not "interfere with" the appeal. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985). Issuing an indicative ruling would, however, prevent unnecessary delay after the appeal is resolved.

Second, the government intends to move pursuant to Rule 15 to depose two foreign witnesses who cannot be compelled to travel to Houston to testify at trial. The Court should issue an indicative ruling on that forthcoming motion. The Rule 15 issue is not involved in the interlocutory appeal, and litigating this discrete issue would not be burdensome. If the Court's indicative ruling were to grant the Rule 15 motion, the government would intend to wait until the appeal is resolved to conduct the depositions. Nevertheless, an indicative ruling would allow the government to begin working with foreign authorities to arrange the logistics for depositions in a

foreign country and a foreign language. An indicative ruling would thus expedite proceedings in this Court after the appeal is resolved.

The Court should deny Rep. Cuellar's stay motion as moot and exercise its discretion to issue indicative rulings on the CIPA and Rule 15 motions.

Dated: October 2, 2025

Respectfully submitted,

EDWARD P. SULLIVAN
Acting Chief, Public Integrity Section
Criminal Division
U.S. Department of Justice

By: /s/ Celia Choy
Rosaleen O'Gara
Celia Choy
Aaron L. Jennen
Attorneys for the United States

SCOTT M. LARA
Acting Chief
Counterintelligence and Export Control Section
National Security Division
U.S. Department of Justice

By: /s/ Garrett Coyle
Garrett Coyle
Attorney for the United States

**CERTIFICATE OF SERVICE**

    I certify that I filed this document via the CM/ECF system on October 2, 2025, which caused the document to be electronically served on all counsel of record.

                                          */s/ Garrett Coyle*
                                          Garrett Coyle