United States District Court
Southern District of Texas
**ENTERED**
October 06, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. H-24-cr-224 |
| | § | |
| ENRIQUE ROBERTO "HENRY" | § | |
| CUELLAR and IMELDA RIOS | § | |
| CUELLAR, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Henry Cuellar has moved to stay the criminal prosecution against him pending his appeal of this court's September 19, 2025, Memorandum and Opinion denying his motion to dismiss the indictment for violations of the Speech or Debate Clause. (Docket Entry No. 148). Henry Cuellar has also moved to supplement the record with grand-jury testimony from April 2, 2024, and for reconsideration of the court's ruling based on that testimony. (*Id.* at 6; *see also* Docket Entry No. 148-1; Docket Entry No. 149).

The court grants Henry Cuellar's motion to supplement the record but denies his motion for reconsideration. The court reviewed the testimony that Henry Cuellar attached to his motion and filed under seal, (Docket Entry Nos. 148-1, 149), as part of its consideration of his argument that the government violated the Speech or Debate Clause by presenting legislative-act evidence to the grand jury, (*see* Docket Entry No. 144 at 42 n.6). The grand-jury materials are part of the record, (*see id.* at 42–43, 42 n.6), subject to the limitations proposed by the government. The grand-jury materials will remain under seal, both in this court and on appeal, and the grand-jury materials reviewed *ex parte*—that is, the limited portion of the grand-jury transcripts not provided

to Henry Cuellar—will be provided *ex parte* to the Fifth Circuit. (*See* Docket Entry No. 151 at 1–2). Because the September 19, 2025, Memorandum and Opinion already considered the testimony that Cuellar attached to his motion, it is not a basis for reconsideration.

The court denies Henry Cuellar's motion to stay the prosecution pending appeal. First, the court denies the motion as moot to the extent it seeks a stay of the trial against him. "[T]he filing of a non-frivolous notice of interlocutory appeal following a district court's denial of a defendant's immunity defense divests the district court of jurisdiction to proceed against that defendant." *Williams v. Brooks*, 996 F.2d 728, 730 (5th Cir. 1993) (per curiam). "Immunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself." *Id.* at 730 n.2 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985)). It is "effectively lost" if the court erroneously proceeds against an immunity-asserting defendant "while an interlocutory appeal of a denial of immunity is pending." *Id.* (quoting *Mitchell*, 472 U.S. at 730); *see Helstoski v. Meanor*, 442 U.S. 500, 507 (1979) ("Once a motion to dismiss is denied, there is nothing the Member can do under that Clause in the trial court to prevent the trial . . . ."). The court cannot hold Henry Cuellar's trial before his interlocutory appeal is resolved, because it lacks jurisdiction to try him.

Second, the court denies on the merits Henry Cuellar's motion to the extent it seeks a stay of pretrial proceedings that relate to the government's case against Imelda Cuellar. Although "an interlocutory appeal[] 'divests the district court of its control over those aspects of the case involved in the appeal,'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)), "the district court may still proceed with matters that are not involved in the appeal," *id.* at 741 n.2. Only Henry Cuellar asserted immunity under the Speech or Debate Clause, (*see* Docket Entry No. 87), and only Henry Cuellar

2

appealed the court's September 19, 2025, Memorandum and Opinion denying his motion to dismiss the indictment, (*see* Docket Entry No. 145). The case may "proceed with matters" against Imelda Cuellar because the allegations against her are "not involved in the appeal." *Bielski*, 599 U.S. at 741 n.2.

*Alice L. v. Dusek* is instructive on this point. 492 F.3d 563 (5th Cir. 2007) (per curiam). Dusek, the defendant, filed an interlocutory appeal of a district court's denial of qualified immunity from § 1983 claims, but Alice L., the plaintiff, sought discovery from Dusek on Title IX claims against her co-defendant, Eanes ISD. *Id.* at 564. Dusek argued that her interlocutory appeal divested the district court of jurisdiction to proceed with the case, including against her co-defendant. The Fifth Circuit rejected Dusek's argument. *See id.* at 565. An interlocutory appeal based on one defendant's immunity "divests the district court of jurisdiction to proceed against *that defendant*." *Williams*, 996 F.2d at 730 (emphasis added). Because Alice L. sought discovery from Dusek relating to claims against a co-defendant that were "legally distinct" from the claims against her, the district court could "subject" Dusek "to discovery requests," even though "the factual basis of the Title IX claims and the § 1983 claim overlap[ped]." *Alice L.*, 492 F.3d at 565. "[S]uch discovery requests d[id] not implicate her right to qualified immunity" and "d[id] not interfere with any aspect of [her] appeal." *Id.*

The same principle applies here. The government provided in its response brief notice of its intent to move under Rule 15 to depose two foreign witnesses who cannot be compelled to travel to Houston to testify at trial. (Docket Entry No. 151 at 3). To the extent the government can prevail on the anticipated motion to take these depositions based on facts and legal authorities that relate to the case against Imelda Cuellar, this court has jurisdiction to consider and rule on that motion. Although the depositions may also relate to Henry Cuellar's case because there is a

3

"factual . . . overlap" between the allegations against him and those against Imelda Cuellar, the claims against each, as individual co-defendants, are "legally distinct." *Alice L.*, 492 F.3d at 565; *see also* FED. R. CRIM. P. 8(b) ("The defendants may be charged in one or more counts together or separately."). The court may adjudicate pretrial issues in Imelda Cuellar's case while Henry Cuellar's interlocutory appeal is pending.

Third, the court denies Henry Cuellar's motion for a stay to the extent it argues that the court should decline, in its discretion, to issue "indicative" rulings on motions he filed while the appellate court adjudicates his interlocutory appeal. *See United States v. Henderson*, 651 F. App'x 261, 262 (5th Cir. 2016) (per curiam) (discussing indicative rulings). For example, Henry Cuellar issued discovery requests for classified information under Section 5 of the Classified Information Procedures Act. (Docket Entry No. 143; *see also* Docket Entry No. 147 (related filling from the government)). Because only Henry Cuellar sought discovery under CIPA, his interlocutory appeal may divest this court of jurisdiction to rule on that motion. *See Williams*, 996 F.2d at 730 & n.2. Even so, the court will proceed with the already-scheduled *ex parte* hearings to, at least indicatively, address these issues.

Under Federal Rule of Criminal Procedure 37(a), "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." FED. R. CRIM P. 37(a). This rule is a corollary of Federal Rule of Appellate Procedure 12.1. Under that rule, when a party asks a "district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending," a district court may state "that it would grant the motion" if it could. FED. R. APP. P. 12.1(a). Together, these rules offer a

4

limited procedural exception to the general principle "that a case can exist only in one court at a time" and that "a notice of appeal permanently transfers the case to" the court of appeals until it sends the case back. *United States v. Lucero*, 755 F. App'x 384, 386 (5th Cir. 2018). Henry Cuellar's motion for a stay is best construed as a request that the court "defer considering" pending motions under Rule 37(a)(1) until the interlocutory appeal is resolved, as opposed to issuing indicative rulings on them under Rule 37(a)(3).

The court declines to defer consideration of the pending CIPA motions. First, the burden of litigating the pending CIPA issues are minimal. The motions are briefed, and the court has scheduled for October 10, 2025, *ex parte* hearings, which required advance planning and coordination with diligent Classified Information Security Officers. (*See* Docket Entry No. 150). Second, these discovery issues do not implicate Henry Cuellar's motion to dismiss and will not "interfere with" his interlocutory appeal. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985); *Alice L.*, 492 F.3d at 565. Third, based on the current record, it does not appear that Henry Cuellar's interlocutory appeal is likely to succeed on the merits. *Cf. Nken v. Holder*, 556 U.S. 418, 434 (2009) (considering the likelihood of success on the merits in deciding whether to grant a stay pending appeal). Henry Cuellar identified no factual or legal basis to conclude that he can successfully establish the immunity he asserted against all the indictment allegations. (Docket Entry No. 144 at 10–17, 38–45). Current precedent does not allow Henry Cuellar to move for dismissal of an indictment based on the government's use of immaterial legislative-act evidence. *See, e.g.*, *United States v. Johnson*, 383 U.S. 169, 185–86 (1966); *United States v. Brewster*, 408 U.S. 501, 511–12, 526 (1972); *see also Trump v. United States*, 603 U.S. 593, 630 (2024); *Nova Scotia v. United States*, 487 U.S. 250, 256–57 (1988). Offering indicative

rulings in anticipation of trial will aid the parties' preparation and ensure a speedy trial if the appellate court affirms the court's September 19, 2025, ruling.

For these reasons, Cuellar's motion to supplement the record is granted; his motion for reconsideration is denied; and his motion for a stay pending appeal is denied, in part as moot and in part on the merits.

SIGNED on October 6, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge